FILED DATE: 4/25/2023 11:50 AM   2023CH04058

Attorney No. 12705

FILED
4/25/2023 11:50 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22437204

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

GENERAL DEVELOPMENT OF ILLINOIS, )
LLC, an Illinois limited liability company, )
HANAN BEKRI and )
ABDERRAZK CHAHINE )
                    **Plaintiffs,** )
                         )
                         )
        **v.** )      **Case No. 23CH** 2023CH04058
                         )
                         )
CITY OF HICKORY HILLS, )
an Illinois municipal corporation, and )
SUE LEHR, individually and in her capacity as )
Hickory Hills Director of Public Works, )
                         )
               **Defendants.** )

## PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

    NOW COMES the Plaintiffs, General Development of Illinois, LLC (General), Hanan

Bekri ("Hanan") and Abderrazk Chahine ("Abderrazk"), by and through their attorney, Dennis

E. Both, and for their Complaint against the Defendants, City of Hickory Hills ("Hickory Hills")

and Sue Lehr ("Lehr"), state as follows:

### INTRODUCTION

    1.    This is an action by plaintiffs seeking a declaration of rights, injunctive relief and

damages against defendants wherein defendants maintain a continuing trespass on property

owned by General and being sold under contract to Hanan and Abderrazk, by the installation and

maintenance of a water main on the property, without consent and without compensation.

EXHIBIT A

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

## PARTIES

2.      General is an Illinois limited liability company and citizen of the United States, with its principal place of business in Evergreen Park, Cook County, Illinois.

3.      Hanan and Abderrazk individuals, and residents of  Chicago, Cook County, Illinois

4.      Defendant Hickory Hills is an Illinois municipal corporation.

5.      Defendant Lehr is the Director of Public Works for Hickory Hills. Lehr is sued in her individual and official capacities.

## VENUE

6.      Venue is proper under 735 ILCS 5/2-101 because all of the events or omissions giving rise to this claim occurred in Cook County, Illinois, the damaged property is located in Cook County and Hickory Hills is located in Cook County.

## FACTS

### Acquisition of the Property

7.      General is a building contractor in the business of developing residential properties.

8.      On December 9, 2006, General purchased the taxes for lots 77 (Lot 77) and 78 (Lot 78)(Lot 77 and Lot 78 are collectively referred to as the Lots)in Frank Delugach's subdivision of 87th Street Woods, a subdivision generally located on the west side of 83rd Avenue in Hickory Hill, and received deeds from the Cook County Clerk for the Lots dated November 5, 2007, and on November 16, 2007 deeded the Lots to Marquette Bank as trustee under the

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

provisions of a Trust Agreement dated December 28, 2007 and known as trust number 18472 (the Trust).

     9.     General is the beneficiary of the Trust.

**The Property is subdivided at the request and direction of Hickory Hills**

     10.     General subdivided Lot 77 into lots1 and 2 of Connor's Second Subdivision on Lot 77.

     11.     General subdivided Lot 78 into Lots 1 and 2 of Connor's Second Subdivision of Lot 78.

     12.     Unbeknownst to General, sometime prior General's purchase of the Lots, Hickory Hills and Lehr installed a water main on Lot 78 without a permit and without recording an easement (the Water Main).

     13.     Prior to the filing of this litigation plaintiffs submitted a request for information under the Freedom of Information Act seeking, among other things all records regarding the construction of the Water Main and no such records were produced.

     14.     General advised Hickory Hills of its desire to subdivide and develop the Lots and create a street in front of the Lots and the City Attorney requested that General provide an easement for municipal utilities including storm sewer and watermain on Lot 77.

     15.     General contacted the Joint Utility Locating Information for Excavators (JULIE) and requested that the underground utilities be located and marked.

     16.     Hickory Hills locates and marks its own utilities.

     17.     Hickory Hills marked the Water Main on Lot 77 and General, at its expense retained Schomig Land Surveyors (Schomig) to survey the Lots and prepare plats of subdivision (the Plats) and an easement on Lot 77 (The Water Main Easement).

FILED DATE: 4/25/2023 11:50 AM    2023CH04058

18.     Schomig prepared the Plats dated November 16, 2019. See Plats attached hereto as Exhibits A and B.

19.     General submitted the Plats to Hickory Hills, showing the 15 foot Water Main Easement on Lot 77 and no easement on Lot 78, for approval.

20.     Hickory Hills and its engineers Robinson Engineering approved the Plats including the Water Main Easement on Lot 77.

21.     Pursuant to the subdivision of Lot 77, the South ½ of Lot 77 became Lot2 of Connor's First Subdivision of Lot 77, with a common address of 8566 S. 83rd Avenue, Hickory Hills (8566) and pursuant to the subdivision of Lot 78 the North ½ of Lot78 became Lot 1 in Connors Second Subdivision of Lot 78, with a common address of 8570 S. 83rd Avenue, Hickory Hills (8570).

22.     Prior to Hickory Hills approving the Plats the City Attorney contacted defendant Lehr to advise that General had agreed to his request for a 15 foot public utility easement and asking her to go "out to the field and verify" the location of the easement. Lehr then responded to the City Attorney that she "wheeled it off" and that the easement, and verified the easement was for both the water main and a storm sewer. See email exchange Exhibit C.

23.     The approved Plats were recorded in the office of the Cook County Clerk on May 13, 2022, by the Hickory Hills city attorney.

**General Contracts with Hanan and Abderrazk**

24.     On or about January 30, 2022, General entered into a certain real estate contract (the Contract) with Hanan and Abderrazk for the construction of a single-family residence (The Home) with detached garage (the Garage) on 8570 and sale of the same to Hanan and Abderrazk. See Contract Exhibit D.

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

### General Applies for Building Permits

25.    Hanan and Abderrazk made material, color and option selections to customize the Home and General prepared architectural plans (the Plans) for the construction of the Home and Garage and submitted them to Hickory Hills on February 18, 2022.

26.    On March 17, 2022, defendant Lehr acknowledged to the Hickory Hills Building Commissioner that she had received a site plan, surveys, grading, *utility plans,* and other plans for a four house single family development, making comments on the same and taking no issue with the location of the Water Main See email Exhibit E

27.    Hickory Hills required General to execute an acknowledgement of its Building Code Compliance Requirements, which include compliance with the City Engineer Robinson Engineering, and a list of required inspections during the phases of construction. See Exhibit F.

28.    Hickory Hills and its engineers Robinson Engineering reviewed and approved the Plans for construction of the Home and Garage on 8570 and Hickory Hills issued permits for the construction of the Home (Home Permit, Exhibit H) and Garage (garage Permit, Exhibit I).

29.    General paid Hickory Hills fees for the Home Permit and garage Permit totalling$14,287.00 Exhibit G) and paid plan review fees to the City Engineer, Robinson Engineering of $841.25, the entire process for approval of the Plats and issuance of permits took approximately 2 years (the Review Period).

30.    During the review Period the Hickory Hills Building Department communicated numerous plan comments and submitted General's plans to Robinson Engineering, including the request for a permanent easement (the Water Main) for the water main and storm sewer Easement on Lot 77. See Exhibit J.

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

**The Home, the street and Garage construction are completed**

31.     General constructed the Home in accordance with the approved plans, the Home Permit and the Garage Permit.

32.     General complied with all required inspections. See Exhibit K

**Hickory Hills Discovers is located the Water Main outside the Water Main Easement and on the wrong lot**

33.     On or about February 8, 2023, after the Home and the Garage were substantially complete, Hickory Hills notified General that it had constructed the Water Main outside the boundaries of the Water Main Easement and on 8570 rather than 8566 where it had previously marked its location.

34.     Attached hereto as Exhibit L is a copy of the survey showing the Water Main Easement and the approximate location of the Water Main, running directly under the driveway and the Garage at 8570. The straight black line down the driveway depicting the actual location of the Water Main.

35.     Exhibit M is a photograph of 8579 and 8566 with the hash marks depicting the location of the Water Main Easement on 8566 and the straight line identifying the actual location of the Water Main on 8570.

36.     The Home is substantially complete and General is ready to close on the sale to Hanan and Abderrazk.

37.     Hanan and Abderrazk obtained a loan commitment for the purchase of 8570 and are ready, willing and able to close on the purchase of 8570, but the Water Main is a cloud on title and a trespass that negatively impacts on the title as well as the quiet use and enjoyment of 8570.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

38.     The sale of 8570 cannot close until the trespass of the Water Main is resolved.

39.     The presence of the Water Main diminishes the value of 8570 and makes it un-saleable.

40.     Hanan and Abderrazk were scheduled to close on their purchase, but the same has been delayed because of the Water Main issue clouding title to 8570.

41.     Hanan and Abderrazk must be out of their present residence by April 30, 2023 and if not allowed to close will have no place to live.

42.     Because of its error, Hickory Hills placed a "Stop Work" order on 8570. A copy of the "Stop Work" order is attached hereto as Exhibit N.

43.     Lehr as the Director of Public Works is in charge of the location and construction of water mains, including the Water Main, in Hickory Hills.

44.     General requested Hickory Hills and Lehr to disconnect the Water Main as the same is not needed to distribute water but is used to create a loop for the circulation of water within the water distribution system and they refused.

45.     Hickory Hills and Lehr refuse to address or rectify the problems created by the trespass of the Water Main and advised General to move the Water Main at its expense, which is estimated to cost General $100,000, which cost Hickory Hills refuses to incur or reimburse.

46.     Plaintiffs have learned that the owner of the lots south of 8570 are offering to construct 2 single family custom homes. See Exhibit O.

47.     In order to supply potable water to these new homes Hickory Hills will be required to extend the water main on 83rd Avenue to those lots.

48.     Once the 83rd Avenue water main is extended, the loop created by the Water Main will need to be relocated to the end of the 83rd Avenue water main, but Lehr and Hickory Hills refuse to do so now, leaving plaintiffs with no recourse but to seek court intervention.

49.     Hanan and Abderrazk have a mortgage loan commitment which will expire, if they do not close on the purchase.

50.     Due to the delays caused by Lehr's and Hickory Hills' refusal to address the trespass of the Water Main, Hana and Abderrazk lost their interest rate lock and the rate of interest will increase one quarter of a point per each month of delay caused by the trespass of the Water Main.

51.     The increase in interest rate increases the cost of the loan over its lifetime and will cost Hanan and Abderrazk tens of thousands of dollars in increased interest over the life of the loan.

52.     The maintenance of the Water Main on 8570 is without consent of the Plaintiffs and constitutes an ongoing trespass.

53.     Since General raised the issue of the improper Water Main on 8570 and requested Defendants to resolve the issue by disconnecting or relocating the Water Main, in an effort to find some excuse for not issuing an occupancy permit or not giving the Home and Garage final approval, Hickory Hills has ordered new inspections of the Home and Garage and street improvements, as retaliation for General exercising its rights of free speech and to seek redress from the government for its wrongful actions.

**COUNT I**
**DECLARATORY JUDGMENT**
(All Plaintiffs v. All defendants)

8

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

54.     Plaintiffs adopt and reallege paragraphs 1 through 42 above as and for paragraph 43 as if fully set forth herein.

55.     There exists in the State of Illinois that certain statute known as the Declaratory Judgment Act 735 ILCS 5/2-701 et seq. which provides in relevant part.

> Sec. 2-701. Declaratory judgments. (a) No action or proceeding is open to objection on the ground that a merely declaratory judgment or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding. In no event shall the court entertain any action or proceeding for a declaratory judgment or order involving any political question where the defendant is a State officer whose election is provided for by the Constitution; however, nothing herein shall prevent the court from entertaining any such action or proceeding for a declaratory judgment or order if such question also involves a constitutional convention or the construction of a statute involving a constitutional convention.

56.     There is an actual controversy between the parties regarding the construction and maintenance of the Water Main on 8570.

57.     Plaintiffs have an interest in 8570 and Defendants have no interest in 8570 and no right to trespass on 8570.

58.     Plaintiffs have been aggrieved by the actions of the defendants in their failure to comply with the Constitutions of the United States and the State of Illinois and their failure to properly locate the Water Main.

Wherefore, Plaintiffs, General Development of Illinois, LLC, Hanan Bekri and Abderrazk Chahine, pray this Honorable Court enter an order declaring the City of Hickory Hills and Sue Lehr have no right to maintain the Water Main on Plaintiffs' property, and grant such other and further relief as the Court deems equitable and just.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

## COUNT II
### Trespass
### (All Plaintiffs v. All defendants)

59.     Plaintiffs General adopts and realleges paragraphs 1 through 42 as and for

paragraph 48 as if fully set forth herein.

60.     At all times relevant hereto, General had lawful title to and exclusive possession

of and was and is the owner of 8570.

61.     Defendants' actions in constructing and maintaining the Water Main are and were

intentional.

62.     Defendants have no right, title or interest in 8570.

63.     Defendants have been given notice to quit and disconnect or relocate the Water

Main and have failed or refused to do so.

64.     The construction and maintenance of the Water Main was and is a trespass to

8570.

65.     Every moment the Water main exists is a continuing trespass.

66.     Plaintiffs have no adequate remedy at law as the trespass is ongoing and future

damages do not provide a current, efficient, complete or practical remedy nor do they cure the

trespass.

67.     Plaintiffs are suffering immediate and irreparable harm, in that the trespass is

continuing in nature and threatens to prevent the sale of 8570 by clouding title to 8570 and

making 8570 unmarketable.

68.     The status quo is the condition of 8570 before the controversy arose which is

without the Water main.

WHEREFORE, Plaintiffs General Development of Illinois, LLC, Hanan Bekri and

Abderrazk Chahine request that the Court enter an Order:

10

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

1. Restoring the status quo by ordering prohibiting Defendants from maintaining the Water Main:
2. Prohibiting defendants, and all those acting in concert therewith its officials, and agents from interfering with Plaintiffs' use and quiet and enjoyment of 8570;
3. Awarding Plaintiffs costs and fees:
4. Awarding damages caused by the trespass; and
5. Providing such other and further relief as the Court deems just and equitable.

## COUNT III
### Equal Protection
### (General v. All defendants)

69.     Plaintiffs adopt and reallege paragraphs 1 through 57 above, as and for paragraph 58, as if fully set forth herein.

70.     The Fourteenth Amendment to the United States Constitution prohibits any government of governmental actor from denying any citizen equal protection under the law.

71.     42 USC 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

72.     Hickory Hills has no legitimate governmental interest in maintaining water mains or other public utilities on property it does not own and for which it has no easement or other consent.

73.     For other water mains and public utilities, Hickory Hills has obtained consent or an easement for installing and/or maintaining the same.

74.     By continuing to trespass on 8570 and refusing to disconnect the Water Main or relocate it or otherwise discontinue the trespass, Hickory Hills and Lehr have exhibited wholly illegitimate animus toward General unrelated to any legitimate governmental purpose.

11

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

75.     General, is a member of the most vulnerable class of persons, an individual singled out and targeted for abuse through the power of the local government.

76.     Hickory Hills and Lehr have installed and maintained other water mains and public utilities within Hickory Hills.

77.     On information and belief, Hickory Hills and Lehr have not installed or maintained water mains or public utilities on other property where the same is a trespass or where the same was done with consent and without compensation, therefore.

78.     General has been intentionally singled out for abuse and harassment as other businesses or persons are not subjected illegal invasions of their property, or confiscation of property without due process.

79.     It is not the norm or common place governmental practice to have a local government trespass on property not owned nor is it normal governmental practice to take property without just compensation or due process.

80.     The actions of Hickory Hills and Lehr in denying General equal protection have damaged General.

81.     42 USC 1985 authorizes an award of attorney's fees and costs to a prevailing plaintiff.

WHEREFORE, General Development of Illinois, LLC prays this Honorable Court enter judgment in its favor and against defendants City of Hickory Hills and Sue Lehr, jointly and severally in an amount to be proven at trial and award it reasonable attorney's fees and costs, and such other or further relief as the Court deems just and proper.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**Count IV**
**Due Process**
**(General v. Hickory Hills)**

82.     Plaintiffs adopt and reallege paragraphs 1 through 57 above, as and for paragraph 70, as if fully set forth herein.

83.     At all times relevant hereto, General had lawful possession and was the owner of 8570.

84.     The Fourteenth Amendment to the United States Constitution requires Hickory Hills to afford plaintiffs substantive and procedural due process.

85.     The due process clause of the Fourteenth Amendment was adopted to prevent governments from abusing their power and using it as an instrument of oppression.

86.     General has a fundamental right to be free from abuse of governmental power, and free from the arbitrary installation and maintenance of the Water Main on 8570 with due process.

87.     Plaintiffs have a fundamental right to due process before property is confiscated, as well as a right to process before their property is invaded by governmental actors.

88.     Hickory Hills has arbitrarily and capriciously used its police powers to install and invade and take 8570 for purposes of maintaining the Water Main without providing General with any form of process pre or post deprivation.

89.     The maintenance of the Water Main on 8570 and the refusal to disconnect it or relocate it is an abuse of governmental power and denies General substantive due process.

90.     42 USC 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

13

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

91.     The actions of Hickory Hills were taken under color of law.

92.     The actions of Hickory Hills in denying General Due Process have damaged General.

93.     42 USC 1985 authorizes an award of attorney's fees and costs to a prevailing plaintiff.

WHEREFORE, General Development of Illinois, LLC prays this Honorable Court enter judgment in its favor and against defendants City of Hickory Hills in an amount to be proven at trial and award it reasonable attorney's fees and costs, and such other or further relief as the Court deems just and proper.

### Count V
### Mandamus
### (General v. Hickory Hills and Lehr)

94.     Plaintiffs adopt and reallege paragraphs 1 through 57, above, as and for paragraph 81, as if fully set forth herein.

95.     General has a clear right to 8570 unburdened by the trespass of the Water Main.

96.     Hickory Hills has a duty to follow the law and not maintain the Water Main or any other public utility on private property where it has no consent or easement.

97.     Hickory Hills and Lehr have the authority to disconnect the Water Main or relocate it.

98.     Disconnection of the Water Main is a ministerial act that does not require or allow for the exercise of any discretion.

99.     Obedience to the United States Constitution and the Constitution of the State of Illinois are ministerial and non-discretionary acts.

100.     Hickory Hills and Lehr have no option but to perform as mandated by law and not trespass on private property.

101.     Once a Writ of Mandamus is issued Hickory Hills and Lehr have the ability to comply with its terms by disconnecting the Water Main.

Wherefore, Plaintiff, General Development of Illinois, LLC, prays this Honorable Court issue a Writ of Mandamus compelling Hickory Hills and Sue Lehr to disconnect the Water Main and for such other relief as may be equitable and just.

## Count VI
### 5th Amendment taking
### (General v. Hickory Hills)

102.     Plaintiffs adopt and reallege paragraphs 1 through 57 above, as and for paragraph 229, as if fully set forth herein.

103.     The installation and maintenance of the Water Main on 8570 is a taking of the same by Hickory Hills.

104.     The taking of 8570 was for the public purpose of maintaining the Water Main.

105.     The actions of Hickory Hills were illegal but were taken under color of state law.

106.     The 5th Amendment to the United States Constitution prohibits the taking of property without just compensation.

107.     Violations of the 5th Amendment are actionable pursuant to the 14th Amendment of the United States Constitution.

108.     42 USC 1983 provides in relevant part:

15

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

109.    The actions Hickory Hills in taking 8570 without compensation have damaged General.

110.    1985 authorizes an award of attorney's fees and costs to a prevailing plaintiff.

WHEREFORE, General Development of Illinois, LLC prays this Honorable Court enter judgment in its favor and against defendants City of Hickory Hills in an amount to be proven at trial and award it reasonable attorney's fees and costs, and such other or further relief as the Court deems just and proper.

### Count VIII
### 4th Amendment Violation

111.    Plaintiffs adopt and reallege paragraphs 1 through 167 above, as and for paragraph 255, as if fully set forth herein.

112.    The 4th Amendment to the United States Constitution prohibits warrantless entry 0nto private property.

113.    8570 is private Property.

114.    General has an expectation of privacy in 8570.

115.    The entry into the Property by Hickory Hills was without warrant and was unreasonable.

116.    8570 is protected by the 4th Amendment.

117.    42 USC 1983 provides in relevant part:

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

118.    42 USC 1985 authorizes an award of attorney's fees and costs to a prevailing

plaintiff.

119.    The actions of Hickory Hills in invading 8570 and maintaining the Water Main

thereon were illegal but were taken under color of law.

120.    The maintenance of the Water Main on 8570 is a seizure within the meaning of

the 4th Amendment.

121.    General has been damaged by the Actions of Hickory Hills in maintain the seizure

on an ongoing basis.

Wherefore, General development of Illinois, LLC, Hana Bekei and Abderrazk Chahine,

pray this Honorable Court enter judgment in their favor and against the City of Hickory Hills in

an amount to be determined at trial and for such other relief as may be equitable and just.

Respectfully Submitted,
General Development of Illinois, LLC
Hanan Bekri and Abderrazk Chahine

By: Dennis E. Both_____
Their Attorney

Dennis Both (#12705)
Attorney for plaintiffs
15320 S. Cooper
Harvey, IL 60426
(708) 210-3200
dboth@akdi.com

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                  Hanan Bekri           April 24th, 2023

FILED
4/25/2023 11:50 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22437204

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

GENERAL DEVELOPMENT OF ILLINOIS,  )
LLC, an Illinois limited liability company,  )
HANAN BEKRI and  )
ABDERRAZK CHAHINE  )
                Plaintiffs,  )
                        )
      v.                    )    Case No. 23CH  2023CH04058
                        )
CITY OF HICKORY HILLS,  )
an Illinois municipal corporation, and  )
SUE LEHR, individually and in her capacity as  )
Hickory Hills Director of Public Works,  )
                        )
              Defendants.  )

# EXHIBIT A

FILED DATE: 4/25/2023 11:50 AM    2023CH04458

# SCHOMIG LAND SURVEYORS, LTD.
## CONNOR'S FIRST RESUBDIVISION
### — OF —

LOT 77 IN FRANK DELUGACH'S 87TH STREET WOODS, BEING A SUBDIVISION OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.





EXHIBIT

A

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GENERAL DEVELOPMENT OF ILLINOIS,<br>LLC, an Illinois limited liability company,<br>HANAN BEKRI and<br>ABDERRAZK CHAHINE<br>              Plaintiffs,<br><br>      v.<br><br><br>CITY OF HICKORY HILLS,<br>an Illinois municipal corporation, and<br>SUE LEHR, individually and in her capacity as<br>Hickory Hills Director of Public Works,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23CH |

# EXHIBIT B

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

RUSSELL W. SCHOMIG, PLS
WILLIAM K. SCHOMIG

• BOUNDARY • TOPOGRAPHICAL • SUBDIVISIONS • ALTA/ACSM • CONDOMINIUMS • SITE PLANS • CONSTRUCTION • FEMA CERTIFICATES •

909 EAST 31st STREET
LA GRANGE PARK, ILLINOIS 60526
E-MAIL:SCHOMIG-SURVEY@SBCGLOBAL.NET
WEB: WWW.LAND-SURVEY-NOW.COM
PHONE: 708-352-1452
FAX: 708-352-1454

# SCHOMIG LAND SURVEYORS, LTD.

# CONNOR'S SECOND RESUBDIVISION

## - O F -

LOT 78 IN FRANK DELUGACH'S 87TH STREET WOODS, BEING A SUBDIVISION OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

OWNER CERTIFICATE
PIN 18-35-412-029-0000
NORTH HALF OF LOT 78

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

THE UNDERSIGNED, MARQUETTE BANK, TRUSTEE UNDER THE TERMS OF A CERTAIN TRUST AGREEMENT DATED DECEMBER 28, 2007 AND KNOWN AS TRUST NUMBER 18472, DOES HEREBY CERTIFY THAT IT IS AS SUCH TRUSTEE, THE HOLDER OF RECORD TITLE TO:

THE NORTH HALF OF LOT 78 IN FRANK DELUGACH'S 87TH STREET WOODS, BEING A SUBDIVISION OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

AND THAT AS TRUSTEE, HAS CAUSED THE SAID PROPERTY TO BE SURVEYED AND RESUBDIVIDED AS HEREON SHOWN AS THEIR OWN FREE AND VOLUNTARY ACT AND DEED AND AS THE FREE AND VOLUNTARY ACT OF SAID TRUST.

DATED THIS________DAY OF______________A.D. 20___

BY:____________TITLE:____________

ATTEST:____________TITLE:____________

FUTURE TAX BILLS TO BE SENT TO:
GENERAL DEVELOPMENT OF ILLINOIS
7348 WEST 83RD STREET
BRIDGEVIEW, ILLINOIS, 60455

OWNERS NOTARY

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

I,____________ A NOTARY PUBLIC, IN AND FOR THE COUNTY IN THE STATE AFORESAID DO HEREBY CERTIFY THAT:

____________TITLE:____________AND,

____________TITLE:____________OF MARQUETTE BANK BOTH PERSONALLY KNOWN BY ME TO BE THE SAME PERSONS WHOSE NAMES ARE SUBSCRIBED TO THE FOREGOING CERTIFICATE AS SUCH:

____________ AND ____________ APPEARED BEFORE BEFORE ME THIS DAY IN PERSON AND ACKNOWLEDGED THAT THEY SIGNED AND DELIVERED THE SAID INSTRUMENT AS THEIR OWN FREE AND VOLUNTARY ACT AND AS THE FREE AND VOLUNTARY ACT OF SAID CORPORATION FOR THE USES AND PURPOSES THEREIN SET FORTH, AND THE SAID:

____________DID ALSO THEN AND THERE ACKNOWLEDGE THAT HE AS CUSTODIAN OF THE CORPORATE SEAL OF THE SAID CORPORATION, DID AFFIX THE SAID SEAL TO SAID INSTRUMENT AS HIS OWN FREE AND VOLUNTARY ACT AND AS THE FREE AND VOLUNTARY ACT OF SAID CORPORATION FOR THE USES AND PURPOSES THEREIN SET FORTH. GIVEN UNDER MY HAND AND NOTARIAL SEAL.

DATED THIS________DAY OF______________A.D. 20___

BY:____________________NOTARY PUBLIC

OWNER CERTIFICATE
PIN 18-35-412-030-0000
SOUTH HALF OF LOT 78

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

THE UNDERSIGNED, TLG HOLDINGS, LLC. AN ILLINOIS CORPORATION DO HEREBY CERTIFY THAT WE ARE THE OWNERS OF THE PROPERTY DESCRIBED AS:

THE SOUTH HALF OF LOT 78 IN FRANK DELUGACH'S 87TH STREET WOODS, BEING A SUBDIVISION OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 35, TOWNSHIP 38 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

AND AS SUCH OWNERS, WE HAVE CAUSED THE SAID PROPERTY TO BE SURVEYED AND RESUBDIVIDED AS HEREON SHOWN, AS OUR OWN FREE AND VOLUNTARY ACT AND DEED FOR THE PURPOSES AFORESAID.

DATED THIS________DAY OF______________A.D. 20___

BY:____________________PRESIDENT

ATTEST:____________________SECRETARY

FUTURE TAX BILLS TO BE SENT TO:
TLG HOLDINGS, LLC.
2532 W. WARREN BOULEVARD
HICKORY HILLS, ILLINOIS 60457

OWNERS NOTARY

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

I,____________, A NOTARY PUBLIC IN AND FOR THE COUNTY AND STATE AFORESAID, DO HEREBY CERTIFY THAT:

____________PRESIDENT OF TLG HOLDINGS, LLC, AND

____________SECRETARY OF SAID CORPORATION, PERSONALLY KNOWN BY ME TO BE THE SAME PERSONS WHOSE NAME IS SUBSCRIBED TO THE FOREGOING CERTIFICATE AS SUCH PRESIDENT AND SECRETARY, DID APPEAR BEFORE ME THIS DAY IN PERSON AND ACKNOWLEDGED THAT TLG HOLDINGS, LLC. IS THE OWNER OF SAID PROPERTY AND THE RESUBDIVISION HEREON SHOWN WAS CAUSED TO BE MADE BY THEM AS THEIR OWN FREE AND VOLUNTARY ACT AND DEED, AND THAT THE SAID SECRETARY DID AFFIX THE CORPORATE SEAL OF SAID CORPORATION TO THE AFORESAID CERTIFICATE AS THEIR OWN FREE AND VOLUNTARY ACT AND AS THE FREE AND VOLUNTARY ACT OF SAID CORPORATION FOR THE USES AND PURPOSES AFORESAID.

DATED THIS________DAY OF______________A.D. 20___

BY:____________________NOTARY PUBLIC

SCHOOL DISTRICT CERTIFICATE

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

THE UNDERSIGNED DO HEREBY CERTIFY THAT, AS OWNERS OF THE PROPERTY DESCRIBED HEREON, AS CONNOR'S SECOND RESUBDIVISION. TO THE BEST OF THEIR KNOWLEDGE, IS LOCATED WITHIN THE BOUNDARIES OF:

ELEMENTARY SCHOOL DISTRICT: #109 - INDIAN SPRINGS

HIGH SCHOOL DISTRICT: #217 - ARGO COMMUNITY HIGH SCHOOL

COLLEGE SCHOOL DISTRICT: #524 - MORAINE VALLEY COLLEGE

DATED THIS________DAY OF______________A.D., 20___

BY:____________________OWNER

BY:____________________OWNER

PLAT NUMBER: 001978-R; FC-30388; 103-191R

MAYOR AND CITY COUNCIL CERTIFICATE

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

APPROVED AND ACCEPTED BY THE MAYOR AND CITY COUNCIL OF THE CITY OF HICKORY HILLS, COOK COUNTY, ILLINOIS, AT A PUBLIC MEETING HELD:

THIS________DAY OF______________A.D. 20___.

BY____________________
MAYOR

BY____________________
CITY CLERK

SURFACE WATER DRAINAGE CERTIFICATE

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

TO THE BEST OF OUR KNOWLEDGE AND BELIEF THE DRAINAGE OF SURFACE WATERS WILL NOT BE CHANGED BY THE CONSTRUCTION OF SUCH RESUBDIVISION OR ANY PART THEREOF, OR THAT IF SUCH SURFACE WATER DRAINAGE WILL BE CHANGED, REASONABLE PROVISION HAS BEEN MADE FOR COLLECTION AND DIVERSION OF SUCH SURFACE WATERS INTO PUBLIC AREAS OR DRAINS WHICH THE SUBDIVIDER HAS A RIGHT TO USE, AND THAT SUCH SURFACE WATERS WILL BE PLANNED FOR IN ACCORDANCE WITH GENERALLY ACCEPTED ENGINEERING PRACTICES SO AS TO REDUCE THE LIKELIHOOD OF DAMAGE TO THE ADJOINING PROPERTY BECAUSE OF THE CONSTRUCTION OF THE SUBDIVISION.

DATED THIS________DAY OF______________A.D. 20___.

BY:____________________
OWNER OR DULY AUTHORIZED ATTORNEY

CITY COLLECTOR CERTIFICATE

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

I FIND NO DEFERRED INSTALLMENTS OF OUTSTANDING SPECIAL ASSESSMENTS DUE AGAINST THE LAND IN THIS RESUBDIVISION.

DATED THIS________DAY OF______________A.D. 20___.

BY:____________________
CITY COLLECTOR

JULIE
1-800-892-0123

LICENSE EXPIRATION 11-30-2022

SURVEYORS CERTIFICATE

STATE OF ILLINOIS } SS.
COUNTY OF COOK }

I, RUSSELL W. SCHOMIG AN ILLINOIS LICENSED PROFESSIONAL LAND SURVEYOR, DO HEREBY CERTIFY THAT I HAVE SURVEYED AND RESUBDIVIDED THE PROPERTY HEREON DESCRIBED AND THAT THE PLAT HEREON DRAWN IS A TRUE AND CORRECT REPRESENTATION OF THE SAME. ALL DIMENSIONS ARE IN FEET AND DECIMAL PARTS OF A FOOT AND ARE CORRECT AT A TEMPERATURE OF 68 DEGREES FAHRENHEIT.

I, RUSSELL W. SCHOMIG, BASED ON EXAMINATION OF THE FEDERAL EMERGENCY MANAGEMENT AGENCY FLOOD INSURANCE RATE MAP, PANEL 17031C0502J, MAP REVISED AUGUST 19, 2008, THIS PROPERTY IS LOCATED IN FLOOD ZONE "AH" WITH A BASE FLOOD ELEVATION OF +/-625.00.

FURTHERMORE, I DESIGNATE THE VILLAGE OF HICKORY HILLS, TO ACT AS MY AGENT, FOR THE PURPOSES OF RECORDING THIS DOCUMENT.

SURVEYED AND RESUBDIVIDED: JANUARY 6, 2022.

Russell W. Schomig

RUSSELL W. SCHOMIG; PROFESSIONAL ILLINOIS LAND SURVEYOR LICENSE # 035-002446

EXHIBIT
B

tabbies

FILED DATE: 4/25/2023 11:50 AM   2023CH04458

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
|            **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
|            **Defendants.** ) | |

# EXHIBIT C

**Marilyn Gabrysiak**

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

| From: | Sue Lehr |
|---|---|
| Sent: | Wednesday, January 26, 2022 4:01 PM |
| To: | Vincent Cainkar; Marilyn Gabrysiak |
| Subject: | RE: [External Sender] DeVries Subdivisions |

Vince,
PW field verified the easement. We wheeled it off (with snow on ground) and measured very close to what plans depict. This easement will be for the 42" storm sewer and 6" water main. I can have Robinson plot it for exact.
One of PW's biggest concern is about the perpetual maintenance of the detention pond that this developer must include in the project. The City does not want to take ownership and responsibility of this pond that is located on private property with no ingress/egress.  Maintenance of the storm water retention is the sole responsibility of the property owner, but the MWRD ultimately holds the City accountable. During first review we had asked for further detail on this detention area but nothing has been provided to date.
Thank You
Sue

**From:** Vincent Cainkar <lfcltd@aol.com>
**Sent:** Monday, January 24, 2022 1:16 PM
**To:** Sue Lehr <SLehr@hickoryhillsil.org>; Marilyn Gabrysiak <hhbld1@hickoryhillsil.org>
**Subject:** [External Sender] DeVries Subdivisions

I am working with and reviewing the documentation for the enclosed two subdivisions which have been submitted by Ken DeVries. On the subdivision of Lot 77, please note that there is a 15-foot public utility easement on the south of Lot 2 therein. It seems that when the City constructed the reservoir and drainage system that no easement was ever obtained over the property where this storm sewer line is located.

The developer is going to voluntarily give the City the easement, but I would like you to make sure that the easement is corrected located so that the storm sewer is in the easement. I assume you will have to go out to the field and verify unless you have an as-built drawing for it.

After you review please let me know.

I see no issues with the actual subdivisions, but the developer will be responsible for all the public improvements. I have his utility plans in my office and will give them to you at Thursday night's meeting unless I send them over earlier. As typical, the developer is going to have to post a letter of credit or other documentation to guaranty the installation of the public improvements.

Vincent Cainkar
Attorney at Law
6215 West 79th Street
Suite 2A
Burbank, IL 60459



**EXHIBIT**

tabbies C

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

# GENERAL DEVELOPMENT OF ILLINOIS LLC.

## REAL ESTATE CONTRACT

*8570 S 83rd* (handwritten)

**SELLER:** General Development of Illinois LLC

**ADDRESS:** 9825 s. Avers Ave. Evergreen Park, Illinois 60804

**PURCHASER:** HANAN BEKRI + ABDERRAZK CHAHINE (handwritten)

**ADDRESS:** 3320 S INDIANA AVE UNIT # 1 (handwritten)
CHICAGO   ILLINOIS (City)   60616 (handwritten)
                        (State)  (Zip)

Purchaser hereby agrees to purchase and Seller agrees to sell the following described real estate, on the terms and conditions herein set forth.

**LEGAL DESCRIPTION:**   To be attached   PIN # 18-35-412-029-0000 (handwritten)

**UNIT**_____   **LOT**_____   **MODEL / PLAN #** 477102 (handwritten)

**COMMON ADDRESS:** 8570 (handwritten) S. 83RD AVE. HICKORY HILLS, ILLINOIS

**PRICE & TERMS:**

**PURCHASE PRICE -** $420,000 (handwritten)   WITH DETACHED 24'X24' GARAGE (handwritten)

**EARNEST MONEY DEPOSIT-UPON ACCEPTANCE OF CONTRACT**
In form of cash, personal check, or cashier's check: -
DEPOSIT SCHEDULE AS FOLLOWS: $10,000 UPON SIGNING OF CONTRACT $10,000 UPON BRICK SELECTION, $10,000 UPON SELECTION OF ROOFCOLOR, CABINETS, $5,000 UPON SELECTION OF (handwritten)

**BALANCE DUE AT CLOSING -** UPON SELECTION OF GARAGE SIDING, $5,000 UPON SELECTION OF RUGS (handwritten)

**FINANCING:**   See Attached Rider 1.

**CONSTRUCTION, CLOSING, AND PRORATIONS** CLOSING AND CONSTRUCTION COMPLETION ESTIMATED TO BE 120 DAYS AFTER ALL PERMITS ARE ISSUED (handwritten)

A. Seller has erected or will erect upon the lot said residence substantially in accordance with the plans and amendments thereto on file with the Seller at its sales office. Construction of the home shall be deemed to have been substantially completed in accordance with this agreement when the City of Hickory Hills issues its temporary or permanent occupancy permit.

B.      It is anticipated that the home shall be completed on or about 120 days from issue of all necessary permit, weather permitting.

C.      The "Closing" of the sale of the home shall take place at such place and at such time as construction of the building is substantially competed but not less than three (3) days after prior written notice to Purchaser. Purchaser shall be entitled to occupy and have possession of home at closing. The Purchaser shall [ay the Seller One Hundred Dollars ($100.00) as liquidated damages for each day they fail to close the transaction after the date set by the Seller according to this paragraph.

D.      Seller shall not be responsible if construction of the building shall be delayed because of labor or material shortages, strikes, adverse weather conditions, national emergencies, utilities installation and/or governmental issuance of permits or inspections or any other cause beyond seller's reasonable control. Should specified items of materials or equipment be or become unavailable and if, in Seller's judgment, such unavailability will cause undue delay in completing construction of the home. Seller shall have the right to substitute materials or equipment of comparable quality. Minor dimensional changes, due to conditions existing at the time of construction, may be made at the Seller's discretion. If the Seller determines, in its reasonable judgment, the continuation of construction of the home has become impractical, it _____ ___ the giving of written notice to Purchaser.

HB (handwritten)

**EXHIBIT**
tabbies
D

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) <br> **LLC, an Illinois limited liability company,** ) <br> **HANAN BEKRI and** ) <br> **ABDERRAZK CHAHINE** ) <br>             **Plaintiffs,** ) <br> ) <br>      **v.** ) <br> ) <br> ) <br> **CITY OF HICKORY HILLS,** ) <br> **an Illinois municipal corporation, and** ) <br> **SUE LEHR, individually and in her capacity as** ) <br> **Hickory Hills Director of Public Works,** ) <br> ) <br>          **Defendants.** ) | **Case No. 23CH** |

# EXHIBIT D

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**E.    Real Estate Tax Proration.** Contractor agrees to credit or reimburse Purchaser for the real estate taxes related to the year prior to closing ("Prior Year") and the year of closing ("Current Year") to the date of closing and on the basis of vacant land only as real estate taxes on the improvements begin only after issuance of a certificate of occupancy. Purchaser shall be fully responsible for the real estate taxes resulting from the increase in assessed value of the property due to construction and improvements on the vacant lot completed up to or after the issuance of the certificate of occupancy.

(A.)    In the event that a separate tax bill for the Prior Year has been issued solely with respect to the subject property, Contractor shall credit Purchaser at Closing for (i) the unpaid portion of the Prior Year taxes based on 100% of the most recent ascertainable tax bill, and (ii) the appropriate Current Year tax proration based on 100% of the most recent ascertainable tax bill.

(B.)    If no permanent index number and assessment have been assigned to the property and if no Prior Year tax bill has been issued solely with respect to the subject property, Contractor may elect to make no tax proration at closing. In the event of such election, (i) Contractor shall reimburse Purchaser for the actual amount of real estate taxes related to the Prior Year and reimburse Purchaser for the Current Year taxes appropriately prorated to the date of closing, (ii) Contractor shall pay the reimbursements of Prior Year and Current Year taxes to Purchaser within fifteen (15) days after Purchaser submits a paid tax bill receipt to Contractor related to such taxes, and (iii) At closing the parties agree to sign a proration agreement related to the Prior Year taxes and Contractor's portion of the Current Year's real estate taxes.

(C.)    Contractor retains the right to protest the taxes with the appropriate governmental entity prior to making any payment for real estate taxes. Purchaser shall cooperate with Contractor with respect to any tax protest, including providing Contractor with timely notice of the assessment and with a reasonable opportunity to protest the assessment.

(D.)    The Sellers will delay the payment of real estate taxes until the second bill is received and the parties hereto agree to execute a Tax Payment and Re-proration Agreement at closing. Because of Senate Bill 225, the Assessor is required in the year following occupancy to back assess taxes to the owner for the difference between the partial assessment and the completed assessment based on the number of days of occupancy to December 31 of that year. If this home is back taxed, the bill for the back tax probably will not be assessed until 2021 In such event, the back tax on this home shall be the buyers responsibility. Senate Bill 225 is effective beginning January 1, 1974 for all new construction.

**F.**    In addition to the Purchase Price and prorations referred to above, the Purchaser shall be responsible for payment of the following amounts: 1) fee for recording the deed, 2) customary purchaser's title insurance charges, 3) if applicable, any and all fees, charges, premiums and escrow deposits in connection with Purchaser's mortgage, including without limitation, commitment fees, points, credit report charges, inspection fees, appraisal fee premiums for mortgagee's title insurance, private mortgage insurance, FHA mortgage insurance premium, real estate tax escrow deposits and cost of recording the mortgage instruments, 4) Purchaser's share of escrow closing charges, 5) any other costs, charges, or fees customarily paid by Purchaser in connection with the purchase of a residence.

## TERMINATION:

**A.**    If purchaser fails to make any payment required or fails to perform any obligation of Purchaser under this agreement and such failure is not cured within ten (10) days after written notice thereof is given to Purchaser by Seller or by the Closing Date (whichever occurs first), then, at the option of the Seller, this Agreement may be terminated by the Seller, and in such case, all sums theretofore paid or deposited by Purchaser shall be paid to or retained by Seller as liquidated damages and/or Seller, at its option, may elect any other remedy available at law or in equity.

HB          AC

GENERAL DEVELOPMENT OF ILLINOIS LLC.

B.	If Seller fails to perform, any obligation of Seller under this Agreement and such failure is not cured within ten (10) days after written notice thereof is given by Purchaser to Seller, then Seller shall return to Purchaser, as Purchaser's sole remedy, all sums paid to Seller.

**POSSESSION:**

Seller shall have sole control and exclusive possession of the home until closing. Physical possession of the home shall be tendered to Purchaser at Closing. Due to current insurance and O.S.H.A. regulations, Purchaser may not view Purchaser's new home until the final inspection or "walk-thru" as described in the contract. In addition, Purchaser may not view any other home under construction. Purchaser may view the model from which Purchaser has purchased from during model office hours. This is a serious issue and must be abided by. If Purchaser shall enter the home prior to Closing, it is understood that they do so at their own risk and without Seller's consent, and Purchaser hereby releases Seller and agrees to hold Seller harmless from any and all claims for injury or damage to Purchaser's person or property and to the person or property of any agent or employee of Purchaser or of any person accompanying Purchaser. Nothing herein contained shall be construes as granting permission to Purchaser or their agents to enter upon the premises. At the Seller's option, if the Purchaser enters the purchased property without written permission by the Seller, the Seller may declare the contract void and retain any and all monies deposited by purchaser including earnest money as liquidated damages.

**RISK OF LOSS:**

The risk of loss or damage to the home prior to closing is assumed by the Seller. Seller agrees, at his expense, to provide fire and extended coverage, vandalism and malicious mischief coverage, and general liability insurance until the completion of the residence, and will indemnify and hold Purchaser harmless from any and all claims that may arise during construction of the residence.

**NO RECORDING:**

Purchaser shall not record this agreement or any memorandum thereof.

**NOTICES:**

All notices required herein shall be in writing and shall be deemed sufficient if served upon the other party or their attorney personally or deposited properly addressed to such party at the address set forth herein in the U.S. Mail, by certified or registered mail, return receipt requested. Any notice mailed in the above described manner shall be deemed received and effective when deposited in the U.S. Mail.

**COMMISSION:**

Seller shall pay commission per separate agreement to _REMAX 10 - LINDA SEYLLER_

_____and no other brokers are involved on the transaction other than _____

_____ as cooperating broker.

**ENTIRE AGREEMENT:**   AS DUAL AGENT

This agreement constitutes the entire agreement between the parties. No representation, warranties, undertakings, or promises whether oral, implied or otherwise, have been made by either the Seller or Purchaser to the other unless expressly stated herein or unless mutually agreed to in writing by the parties. All amendments, supplements or riders hereto, if any, shall be in writing and executed by both parties. No representation, modifications or agreements for changes in construction or "extras" will be recognized unless in writing, signed by a duly authorized agent of the Seller and payment made therefore at the time of order.

WE HAVE TERMINATED REPRESENTATION
BY ALL OTHER RE. BROKERS
X _____    X _____    X _____

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

# GENERAL DEVELOPMENT OF ILLINOIS LLC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**INVALIDITY:**

If any term, condition or provision of this agreement is declared illegal or invalid, for any reason, by a court of competent jurisdiction, the remaining terms, conditions and provisions shall nevertheless remain in full force and effect and shall be binding upon both Purchaser and Seller. The waiver by the Seller or the Purchaser of any term, condition or provision of the Agreement shall not be construed as a waiver of any other or subsequent term, condition, or provision thereof.

**BINDING EFFECT/ASSIGNMENT:**

This agreement shall be binding upon and inure to the benefit of both Purchaser and Seller and their respective heirs, successors and assigns; however it shall not be assignable by the Purchaser without the express written consent if the Seller.

**WARRANTY:**

Seller warrants said home against defects in material and workmanship appearing within one (1) year of possession and will service and adjust or replace materials and workmanship, in accordance with the terms and conditions of the Warranty attached hereto. The Manufacturer's warranty on individual items shall be incorporated in the home shall apply in lieu of the Builder's Warranty.

**OFFER TO PURCHASE:**

This Agreement, when executed by the Purchaser and delivered to Seller, together with the earnest money specified hereunder, shall be an irrevocable offer to purchase the residence by Purchaser for a period of ten(10) business days after the date of execution hereof by purchaser. In the event a duly authorized officer of the Seller accepts this Agreement and delivers a copy thereof to Purchaser within the ten (10) business day period, the offer shall be deemed accepted. In the event Purchaser's offer is not accepted within the ten (10) business day period, all deposits made by the Purchaser to Seller shall be returned and Purchaser's offer shall be deemed withdrawn.

**PERFORMANCE:**

The earnest money and this agreement shall be held by GENERAL DEVELOPMENT OF ILLINOIS LLC.for the benefit of the parties, and applied to the purchase price at closing. If the purchaser defaults hereunder, the deposit, at the Seller's option, is to be first applied to the expenses of the Seller, such as title expenses and survey costs, and the remainder to the Seller as liquidated damages. If this agreement is terminated without Purchaser's fault, the earnest money shall be returned to the Purchaser.

**SURVEY:**

Seller, at its expense, shall furnish to Purchaser a current spotted survey (not more than six months old) under certification by an Illinois Licensed Land Surveyor, showing the location of the building and improvements on subject property to be within the lot lines and not encroaching over any setback line or easement, and showing no encroachments of buildings or other improvements from adjoining properties.

**TITLE EVIDENCE:**

Seller, at its expense, shall furnish a title commitment for an owner's title insurance policy in the amount of the purchase price to cover the date hereof showing title in the intended grantor subject only to (a) the general exception contained in the title policy where the subject property qualified thereunder as a residential parcel, (b) the title exceptions set forth below, and (c) title exceptions pertaining to liens or encumbrances which have been assumed by the Purchaser under the terms hereof or which the Seller has agreed to remove at closing from the proceeds hereunder. Any delay in delivery of title commitment which is caused by the Purchaser, their agent or their lending agency, shall extend the time for delivery thereof by the Seller by such period of delay. If the title commitment discloses exceptions not provided for herein, Seller shall have until closing to remove said exceptions or to acquire title insurance covering said unpermitted exceptions. If Seller fails to remove said exceptions or obtain additional insurance within the time stated herein, Purchaser may elect to terminate this Agreement and all monies paid by the Purchaser shall be refunded.

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

**CONVEYNACES, LIENS, ENCUMBRANCES:**

Seller shall convey, or cause to be conveyed, title to the Purchaser by trustee's deed subject to (a) general taxes fro 20___ and subsequent years; (b) building lines and building laws and ordinances; (c) zoning laws and ordinances, but only if the present use of the property is in compliance therewith or is legal non-conforming use; (d) visible public and private roads and highways; (e) easements for public utilities which do not underlie the improvements on the property; (f) other covenants and restrictions of record which are not violated by the existing improvements upon the property; (g) party walls rights and agreements; (h) existing lease or tenancies, if any.

**EXTRAS AND UPGRADES:**

All extras and upgrades shall be done by written order and signed by both seller and buyer. Extras and upgrades shall be paid for when ordered and signed for. Without payment extras and upgrades will not be done.

**GENERAL CONDITIONS AND STIPULATIONS:**

1.      Both Seller and Purchaser agree to execute all documents and provide all information necessary to enable any lender to issue a commitment for mortgage or trust deed information and to close this sale.

2.      Seller warrants that as of the date hereof neither it nor its agents has received any notice issued by any city, village or other government authority of a building code violation concerning the subject property which will not be cured by the date of the closing.

3.      Purchaser agrees to make selections within seven (7) days from Agreement acceptance date in order to provide adequate lead time for ordering labor and materials. Selection upgrades must be paid in full at the time of selections. All selections are final.

4.      It is agreed by the parties hereto that the Purchaser shall have the right to inspect the premises not more than two (2) days prior to closing and a "punch list" or inspection report shall be prepared by the Purchaser and an agent of General Development of Illinois LLC . If necessary, Purchaser is entitled to one inspection or "walk-thru". Final walk-thru will be done Monday through Friday 7:00 a.m. to 4:30 p.m. by appointment only. Seller agrees to make any and all necessary adjustments and repairs covered under the warranty attached hereto prior to closing if possible, or as soon as possible after closing, material availability and weather conditions permitting. The closing shall not be delayed by reason of any work which contractor agrees to perform under the punch list or inspection report.

5.      Unless specified changes are noted in this contract, the Seller will assume that the home which is being built for the Purchaser is according to the model or plans shown and will build the home according to the same. Any changes in the above specifications must be in writing and signed by both the Purchaser and the Seller. The Purchaser understands that no agreements or changes, unless in writing, are binding on the Contractor or Seller. Variations in plan of up to 5 ¾" of actual blue print will be acceptable.

6.      Upon closing of this sale, there shall be no holdbacks nor retention from the sales proceeds by Purchaser for any items to be corrected under the "punch list" provision of this Agreement for any incomplete items.

7.      If due to the time of the year of the closing certain outdoor work remains to be done, and if the Buyer's lender or the municipality requires any escrow funds, the parties agree as follows:

HB                                        AC

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

a.    An Amount shall be agreed upon between the Seller and lender or municipality for the unfinished work which shall be itemized in an escrow account.

b.    Or if no funds shall be deposited but the Seller's performance shall be secured by a letter of credit or bond issued by sellers insurance company

c.    Said agreed upon sum shall be secured for the unfinished work itemized in the escrow/closing agreement

d.    The amount secured as set forth in paragraph c shall be released with no further authorization by the owner upon the lender's or municipality inspector's approval and the presentation of acceptable waivers to the title company.

8.    **TOWNHOMES-ESTABLISHMENT OF WORKING CAPITAL RESERVE: - NOT APPLICABLE.**

9.    Notwithstanding any other terms contained herein, if the Buyer requests any changes, upgrades or extras prior to the waiver of any and all contingencies (including but not limited to financing and/or sale of Buyer's present residence), the Buyer shall pay for said change In full at the time the change is agreed upon. In the event the Buyer does not close the transaction for any reason, the amount paid for said changes shall be forfeited or the value of said change shall be deducted from the earnest money(if Buyer has not previously paid for this change in full).

10. **ATTORNEY REVIEW**    This is a uniform construction agreement which is subject to review and/or recision by Purchaser's attorney within three (3) business days from the date of acceptance (excluding Saturday, Sunday, and legal holidays). No modifications, revisions or changes to the terms of this contract will be permitted and any such modification of the terms of the contract shall be deemed an election to rescind the agreement. In the absence of written notice of recision within the time specified herein, this agreement shall be a legal and binding contract and shall continue in full force and effect.

11.    This contract and riders numbered One (1- Financing), Two (2- Specifications), Three (3- Warranty), Four (- Contingency), and Five (5-_____) attached hereto and incorporated herein, shall be executed and one copy thereof delivered to Seller and one copy to Purchaser.

The signing of this contract signifies that the Purchaser(s) accept all the provisions expressed therein in this Contract and on all the Riders included with this Contract.

Buyer: _____        Seller: _____

Dated: _1/30/2022_        Date Accepted: _01_ _____

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

### Rider 1

### Financing

TO BE ATTACHED AND MADE PART OF A CERTAIN REAL ESTATE CONTRACT BETWEEN GENERAL DEVELOPMENT OF ILLINOIS LLC, AS SELLER AND _____ AS

BUYER(S) FOR THE PROPERTY COMMONLY KNOWN AS 8564 S. 83RD AVE. HICKORY HILLS, ILLINOIS

This contract is contingent upon Buyer being pre-approved and applying for their mortgage on said residence within seven (7) days from the date of the contract acceptance. Buyer agrees to promptly furnish any and all necessary documents and information as may be required by the lender. Failure to comply with this paragraph shall be considered a default under this contract.

This agreement is subject to the condition that within thirty (30) days from the contract acceptance date, the Buyer shall secure, or there shall be made available to the Buyer, a written commitment for a loan to be secured by a mortgage or trust deed on the property on the amount of $ _336 000_ or such lesser sum as Buyer accepts, with initial interest not to exceed _Current_ %, plus any other usual and customary processing fees or closing costs charged or requested by the lender where application has been made. If after the Buyer has submitted a true loan application and otherwise made every reasonable effort to procure a loan commitment from any source made available to him and has been unable to do so, and after serving written notice thereof upon Seller or its agent within the time specified herein for securing such commitment, then this Agreement shall become null and void and all the earnest money shall be returned to the Buyer. However, if Seller, at Seller's option notifies the Buyer within fourteen (14) days of Buyer's notice that Seller intends to procure for Buyer such a commitment within sixty (60) days, then this Contract shall remain in full force and effect. Buyer agrees to furnish Seller or any lender designated by the Seller all requested credit information and sign customary documents relating to the loan application and approval. If Seller is unable or unwilling to secure a commitment as provided herein, this agreement shall be null and void and all earnest money shall be returned to Buyer. In the event the Buyer does not serve notice of the failure to procure a loan commitment as herein provided, then this Agreement shall continue in full force and effect without any financing contingency.

The signing of this contract signifies that the Purchaser(s) accept all the provisions expressed therein in this Contract and on all the Riders included with this Contract.

Buyer: _____    Seller: _____

Dated: _1/30/2022_    Date Accepted: _01/30/2022_

HB

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

**Rider 2- Specifications**

**Landscaping**

Final grading as per municipal requirements.

**Excavating**

Excavate foundation, backfill, rough grade with existing fill and level off front, side and rear yards of said premises. Seller reserves the right to change the placement of the home on the lot and to reverse the home if necessary because of individual lot topography, grading of the lot, location of street lights and fire hydrants.

**Concrete**

Footing 10" x20", foundation walls 10", floors 4" with 6" stone, front stoop and public walk, service walk from driveway to front stoop, 16 foot wide asphalt drive from curb to REAR OF HOME.

**Carpentry**

Framing to be minimum of 2" x 10" floor joists 16" oc., ¾" tongue in groove sheathing. Walls 2" x 4" on 16" on center,, ½" insulated sheathing with ½" sheathing on corners of exterior walls. Exterior of building wrapped with air filtration paper. Roof to be ½" sheeting on a **6/12 pitch**, ( 4/12 pitch is shown on plans) Metal clad entry doors . Aluminum soffits, fascia, flashing, gutters, and downspouts.

**Masonry**

All brickwork to be face brick as per plan with a $350.00 per thousand brick allowance.

**Electric**

200 Amp service with 20 circuit breaker panel, as per model. Light fixtures $1500.00 credit to buyer, Builder will install and assemble three ceiling fans. There ceiling fan installation will be at an additional cost of $100 each. Buyer to supply electric fixtures. Builder to install plate glass mirrors in bathrooms, 3 phone jacks and 2 T.V. jacks included.

**Plumbing**

Plastic stacks with copper water supplies. One exterior frost proof sill cocks. Gas piping. Drain tile with sump pump. Plumbing fixtures in all baths are white, colors at additional cost. Stainless steel kitchen sink with spray. Forty (40) gallon hot water heater with one year parts and labor. Five year manufacturer's warranty on hot water tank. Five (5) foot cast iron tub.

**Roofing**

Owens Corning architectural shingles with a manufacturers limited lifetime warranty

**Insulation**

Will be per current codes.

**Heating**

Rheem or equal furnace. 92% high efficiency furnace with one year parts and labor. Manufacturer's warranty on heat exchanger. All necessary ductwork and vents for fans, per model. 2 ton 13 seer Rheem or equivalent central air conditioning.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**Drywall**

All drywall ½" and to be glued and screwed. Square drywall corners are standard. Rounded drywall corners are extra.

**Cabinets and Vanities**

Oak veneer cabinets and vanities are standard. Cabinets and color to be selected by purchaser from builder's supplier within standard selection allowance.

Granite countertops and vanity tops are included with a $40.00 per square foot allowance.

**Interior doors and trim:** White hollow core doors of buyers choice from Menards stock selections. White MDF trim 4 ½" base and 3 1/2 " casing.

**Windows:** Jeld –Wen vinyl single hung or sliding windows per village ordinance from Menards in-stock selections.

**Painting**

Exterior vinyl siding. Exterior doors painted. Interior wall and ceilings primed and finish coat in off white color.

**Tile and Carpet**

Entryway, the tub and shower walls, and bathroom floors to be ceramic tile. Kitchen floor to be 12" ceramic. Tile selections will be made from builders importer/wholesale supplier with an allowance of $2.00 per square foot. All main floor rooms to have wall to wall carpeting and padding, as per model and allowance of $21.00 per square yard for carpeting, pad & installation. Lower level floor will be carpeting with an allowance of $17.00 per square yard.

**Appliances**

Whirlpool or equal quality stainless steel appliances or from builder's supplier within builder allowance of $3000.00 - Included are range, refrigerator, dishwasher and built in microwave range hood.

**Additional Allowances and specifications:**

- Brick allowance $325.00 per thousand
- White tubs, shower basins, toilets and sink basins
- Moen Chateau faucets
- Architectural 25 year shingles
- Vinyl sliding or single hung windows
- Steel entry doors with an allowance of $350.00 each
- 16' wide asphalt driveway to rear of home
- All yards finish graded – no landscaping included

HB     AC     [signature]

GENERAL DEVELOPMENT OF ILLINOIS LLC.

### Rider 3

Construction Warranty

Seller warrants to Purchaser that, for a period of one year form the date of closing of said Contract, by the payment of the Purchase Price and delivery of the deed, seller will correct any defect(s) due to faulty construction and/or defective materials installed in the residence, brought to the Seller's attention, in writing, during the period of one year from the date of closing. Seller does not assume responsibility for any secondary or consequential damage caused by defect(s). No steps taken by Seller to correct defect(s) shall act to extend the warranty beyond the initial one year term. This warranty is applicable only to those matters warranted herein, and only to defect(s) that are reported in writing before the end of the respective warranty year, as foresaid. The warranty shall not apply to any work or material after it has been modified or worked upon by anyone other than the Seller or someone acting for Seller. Purchaser shall not be entitled to exercise self- help, any such exercise shall nullify the Warranty as to the work or materials involved.

The within warranties are subject to the following additional specific exclusions and limitations:

A.   Inspection Procedure for Purchaser:

    1.   Buyer is entitled to one pre-occupancy inspection of the residence which shall be made no more than two (2) days prior to the scheduled closing. This inspection shall be made by Purchaser, accompanied by an agent or Service Representative of Seller. Items to be corrected, as mutually agreed, shall be listed, and this report shall be signed by the Purchaser and said representative, and Purchaser shall retain a copy thereof. Every reasonable effort shall be made to correct all of the items listed in the pre-occupancy inspection form prior to the date of the closing. Purchaser will be advised of the status of corrections at the closing.

B.   Warranty Exclusions:

    1.   Correction of latent defects which were not discovered at the time of the per-occupancy inspection will be made within a reasonable time after Seller is notified, in writing, during the warranty period. No correction will be made for defect(s) (latent or patent) first claimed or discovered after the expiration of the applicable warranty period.

    2.   All chips, scratches or mars on such items as tile, woodwork, kitchen cabinets, mirrors, walls, porcelain, glass (including breakage or cracks), plumbing fixtures, plastic laminate counter tops, cultured marble counter tops, lighting fixtures, doors or kitchen appliances must be noted on Seller's pre-occupancy inspection reports, or they will not be covered under this warranty.

    3.   The warranty shall not apply to defects resulting from the ordinary wear and tear, misuse or neglect, or failure to provide proper maintenance. Seller does not warrant any items which are installed pursuant to a direct contract or agreement between Purchaser and any other party than Seller.

    4.   Seller does not warrant against cracking or scaling of the concrete flat work (which includes, but is not limited to, sidewalks, patios, basement and garage floors) or to the foundation walls. Cracks in foundation walls, if any, will be repaired only if filtration of free water exists and is noticed to Seller, as foresaid, during the applicable warranty period.

    5.   Cracks may develop in concrete patios, walks, driveways, porches, basements, floors, foundations due to expanding and contracting of concrete from changes in temperature and compacting of the soil on which the concrete is placed. There is no known way of completely eliminating these conditions and characteristics inherent to concrete, and the warranty is not applicable thereto, except as provided in paragraph B (4).

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

6. The using of de-icing or other chemicals can cause flaking of concrete surfaces, and should be avoided as much as possible. If the flaking process should appear, there is no known cure foe it. However, the structural value of the concrete is not affected. De-icing compounds picked up on the village streets due top normal winter driving and carried onto drives and garages floors may also cause flaking. Occasional washing down of these areas in thaw periods will minimize this damage. The warranty does not apply to flaking.

7. Temperature, humidity or slight variation in the composition will very often affect the color of the concrete surface. The final strength of concrete is not affected thereby. The warranty does not apply to color so affected.

8. Asphalt driveways or "Blacktop" is subject to soil and temperature conditioned especially in northern climates where changes are extreme. Expansion cracks are unavoidable. Sharp objects such as bicycle kick stands, ladders, tire jacks, Etc., will cause indentation. Gas or oil spilled on an asphalt surface will cause the material to soften and disintegrate.

9. Non-uniformity of appearance of antique brick type or some types of face brick is to be expected. Brick may discolor due to elements, rain, run off, weathering, or its innate materials. The warranty does not apply to color, hardness or porosity of masonry and mortar. Cracks may develop in mortar used for bonding bricks together due to shrinkage in either the mortar or the brick. This is a normal condition and the warranty does not apply thereto.

10. Seller does not warrant against the normal effects of settlement expansion, contraction, or warping of materials that may occur in walls, floors, ceilings, doors, windows, etc.

11. Structural wood members will shrink during the drying our process and it is a natural characteristic of wood to continue to expand and contract with changing humidity. The joints of paneled doors, mitered casings, hardwood flooring and solid paneling may open up. This is normal and will not affect the home structurally, and the warranty does not apply thereto. Restoration is a function of homeowner maintenance, and is the sole responsibility of the Purchaser.

12. Drywall cracking, nail pops or seams may show in a home because of drying out and normal expansion and contraction of the wood or masonry to which it has been secured. These items can be easily repaired by Purchaser at the time of redecorating. The warranty does not apply to any of these conditions.

13. Extensive studies on the subject of floor squeaks conclude that much has been accomplished in eliminating floor squeaks, but complete avoidance is impossible. Generally, these will appear and disappear with changes in weather conditions. The warranty does not apply thereto.

14. Normal walking and heavy furniture will cause most resilient floors on the market today to shoe indentation marks. Expansion and contraction of resilient materials as well as movement of the wood sub-floor may cause butt joints in flooring to show. These are characteristic of the materials and do not affect the inherent quality of the floor. Discoloration on floor tile may also occur from inherent characteristics or use of certain caustic agents when maintaining these floors.

15. Color fastness under conditions of exposure to extreme sun and weather cannot be maintained although wood surfaces will still have protection of paint. Checks, cracks and peeling are common items due to causes other than the paint or its application (e.g., allowing sprinklers to hit painted wall will greatly reduce the life expectancy of the painted area involved). Variations in wood grain will absorb the same stain differently (e.g., wood cabinets, doors, paneling and wood trim, These variances cannot be controlled.

16. Exterior caulking material will crack due to the outside elements and is considered homeowner's maintenance.

17. Solid covered roofs may show some variation in shade at certain angles of reflection. This is caused by the varying absorption and reflection of light from the minute granules that make up the surface of the shingles. The position of the granules cannot be controlled by the manufacturer.

HB    AC

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

C.    Appliances:

Appliances, if any, are supplied with manufacturer's warranties and instructions. The manufacturer's instruction pamphlets should be read and followed by Purchaser. In the event of operational defects, Purchaser must contact the manufacturer's service organization directly. Seller makes no warranty to such appliances.

D.    Other Terms:

1.    The provision of this warranty shall not apply if there is any money owed to the warrantor including but not limited to property taxes, association fees and upgrades.

2.    Purchaser agrees that any and all extras made to the Purchase Agreement shall be made between Purchaser and Seller only. If there is a separate Contract made with a contractor outside of this Agreement before or after Closing, Seller will have no responsibility for warranty enforcement in the area of the Separate Contract.

3.    No representative of Seller has the authority to enlarge this warranty or to make verbal agreements. Seller shall have no responsibility for the personal property of Purchaser left on the premises. Seller's warranty obligations are nontransferable and terminate when the house is sold, leased, or ceases to be occupied by the original Purchaser defined in this Purchase Agreement.

4.    NO WARRANTY, GUARANTY OR UNDERTAKING, EXPRESSED OR IMPLIED, WITH RESPECT TO THE CONSTRUCTION OF THE BUILDING, EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT, SHALL BIND OR OBLIGATE THE SELLER.

5.    Upon closing of this sale, there shall be no hold backs or retention from the sales proceeds by Purchaser for any items to be corrected under the warranty provision of this Agreement or for any incomplete items.

6.    THE MANUFACTURER'S WARRANTY ON INDIVIDUAL ITEMS INCORPORATED IN THE HOME SHALL APPLY IN LIEU OF THE BUILDER'S WARRANTY.

---

The signing of this contract signifies that the Purchaser(s) accept all the provisions expressed therein in this Contract and on all the Riders included with this Contract.

Buyer: _____    Seller _____

Dated: _1/30/2022_    Date Accepted: _01/30/22_

---

HB          AC

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

### Rider 4

### CONTINGENCY

This contract shall be contingent upon Purchaser completing a sale of his/her/their real estate (which is currently listed with _____

_____ NONE _____ ) located at _____

_____ within sixty (60) days from the contract acceptance date. In the event the sale of the Purchaser's real estate does not occur and the sale proceeds are not obtained by the Purchaser within such period, either an extension of time shall be agreed to by the parties, or waiver of this contingency clause as set forth below shall be agreed to by the Purchaser, or this contract shall be null and void and all earnest money shall be returned to Purchaser. Upon the mutual agreement of Seller and Purchaser, this contingency may be extended, and further understands that at any extension, Seller maintains the right to adjust the price of the contracted home to the then current pricing schedule.

If during the sale contingency period, Seller receives a contract to purchase from another bona fide purchaser, then Purchase shall have 48 hours from the date and time of receiving written notice of such contract to purchase from the Seller to waive this contingency. If the Purchaser does not waive his contingency, this contract shall be null and void and all earnest money shall be returned to Purchaser. The Seller shall be released of any and all obligations and liability to Purchaser in such event.

It is understood and agreed by the parties hereto that the Purchaser shall waive this contingency by doing the following:

1. Deposit an additional $_____ earnest money.

2. Executing a written waiver of sale contingency.

If the Purchaser waives this contingency, should the failure to procure a mortgage commitment be due solely to the Purchaser's inability to complete the sale/closing of the above property, then this contract shall continue in full force and effect without any mortgage contingency. Should Purchaser be unable to close this transaction because mortgage financing is subject to closing/sale of Purchaser's current residence, Purchaser shall be deemed to be in default of contract and subject to forfeiture of earnest money.

The signing of this contract signifies that the Purchaser(s) accept all the provisions expressed therein in this Contract and on all the Riders included with this Contract.

Buyer: _____     Seller _____

Dated: __1/30/2022__     Date Accepted: __01/30/2022__

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

**Addendum**

Lot 18-35-412-029-0000 Common Address: TO

Base Price _____

MAIN FLOOR - LIVING ROOM
STANDARD GRADE OAK FLOORING

We hereby agree to add specified changes above to the original contract. All work to be performed under same terms and conditions as specified in the contract unless otherwise stipulated.

We acknowledge that all changes or additions to the original contract must be made at the time of signing and that no changes will be accepted after that time.

The signing of this contract signifies that the Purchaser(s) accept all the provisions expressed therein in this Contract and on all the Riders included with this Contract.

Buyer: _____     Seller: _____

Dated: 1/30/2022     Date Accepted: 01/30/2022

Seller: General Development of Illinois LLC

HB          AC

## GENERAL DEVELOPMENT OF ILLINOIS LLC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**BUYER INFORMATION**

| Buyers Name HANAN BEKRI | Job Address ABDERRAZK CHAHINE |
|---|---|
| Address 3320 S INDIANA AVE #1 | Subdivision CHICAGO, IL 60616 |
| Home Phone 312·451-8096 ( )  Work Phone ( ) | Lot Number          Model |

**LENDER**

Attach Business if Available

| Name | Type of Financing   FHA   CONV   VA |
|---|---|
| Address | Processor |
| Phone   ( )         Fax( ) | Loan Officer |
| Contract Acceptance Date | Application Date          Date Approved |

**BROKERS**

Attach Business Card if Available

| Buyers Agent | Sellers Agent |
|---|---|
| Agent LINDA SEYLLER | Agent LINDA SEYLLER |
| Company RE/MAX 10 | Company RE/MAX 10 |
| Address 9909 SW Hwy  OAK LAWN/FL | Address 9909 SW HWY |
| Office Phone #: 708-214-5285 | Office Phone #: 708-214-5285 |
| Office Fax#: | Office Fax#: |

LINDA SEYLLER WILL ACT AS A DUAL AGENT

**ATTORNEYS**

BUYER'S ATTORNEY
ATTACH BUSINESS CARD IF AVAILABLE

SELLER'S ATTORNEY

| Name ILYAS LAKADA | Name  Berth Mann |
|---|---|
| Address 5700 N. Lincoln  Suite 208 | Address  Orland Park, Illinois |
| Phone ( )(773) 800-9870 | Phone   (708) 429-9999 |

HB                    AC

FILED DATE: 4/25/2023 11:50 AM   2023CH04058



BASEMENT & FOUNDATION PLAN

OFFICE

BASEMENT



FILED DATE: 4/25/2023 11:50 AM   2023CH04058

# AMENDMENT — REAL ESTATE PURCHASE CONTRACT

Amendment to Purchase Contract Between the Undersigned Parties
Concerning the Property Commonly Known as:

## 8564 S 83rd Ave., Hickory Hills, IL 60457

| Property Address | City | State | Zip |

Contract Date: ___1/30/2022___

Effective on the date below, Seller and Buyer amend the Contract as follows:

The Property Address shall be modified throughout to:

8570 S. 83rd Ave., Hickory Hills, IL 60457

The other provisions of the Contract and any Addenda remain unchanged except as set forth above.

Effective this ___2nd___ day of ___August___, ___2022___

**BUYERS:**

┌─DocuSigned by:

*Hanan Bekri*

└─00BB5F0FB1E84B5...
8/3/2022 | 5:59 PDT

**SELLERS:**

┌─DocuSigned by:

└─13B70B6167D74D2...

FILED DATE: 4/25/2023 11:50 AM  2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
|         **Plaintiffs,** ) | |
| ) | |
|      **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
|        **Defendants.** ) | |

# EXHIBIT E

FILED DATE: 4/25/2023 11:50 AM    2023CH04058

March 17, 2022

To: Building Commissioner, John Moirano

From: Public Works, Susan Lehr

Re: Lots 1-4, 83rd Avenue

Public Works received a nineteen-page site plan that included topographic surveys, grading, utility plans, plan and profile, storm water pollution prevention plans, specifications, storage plans and cross sections by Bohnak Engineering, Inc., with revision date 11/1/21 for a four house single family development in the 8600 block of 83rd Avenue.

Please provide pin numbers for all lots. Subdivision would be required prior to development.

Public sanitary lids must be labeled as such and have the City logo embossed. Sanitary frames in pavement should be adjusted with a rubber adjustment ring to final grade.

Solid storm sewer covers must be labeled as such and have the City logo embossed.

Please provide further detail how compensatory storage will be accessed and maintained.

Perimeter storm drainage swales are required. Public Works requires perimeter drainage swales to be installed near all property lines to direct storm water to the intended outlet.

Proposed 6" water valve must be an East Jordan resilient wedge valve. No details were provided on valve installation. Please verify size of water service lines, the call out differs between page 5 and page 6.

Public sidewalks are required. Landscaping plans have not been submitted but a parkway tree is required for each lot.

Developer must keep the disturbance area secured for safety at all times. The disturbance area is defined as the portion of the construction site where permanent improvements and temporary construction activities shall be located. A concrete wash area should be available within the designated disturbance area and not on the public right of way.

Developer must keep the construction site clean and adjacent streets clear of sediment.

If additional information is required, please contact me at the Public Works Department.



**EXHIBIT**

tabbies'

E

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,**     ) <br> **LLC, an Illinois limited liability company,**   ) <br> **HANAN BEKRI and**     ) <br> **ABDERRAZK CHAHINE**     ) <br>         **Plaintiffs,**     ) <br>     ) <br>         **v.**     ) <br>     ) <br>     ) <br> **CITY OF HICKORY HILLS,**     ) <br> **an Illinois municipal corporation, and**   ) <br> **SUE LEHR, individually and in her capacity as**  ) <br> **Hickory Hills Director of Public Works,**   ) <br>     ) <br>         **Defendants.**     ) | **Case No. 23CH** |

# EXHIBIT F

**BUILDING CODE COMPLIANCE REQUIREMENTS**

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

Date: February 18, 2022

Re:    City of Hickory Hills
        New Single Family
        8570 S. 83rd Ave.
        Hickory Hills, IL 60457

The submitted plans have been reviewed for Building Code compliance, and based on the information contained therein, we comment as follows:

( X )   Permit plans prepared by Aristidis Berdnusis, Architect dated February 11, 2022 submitted to the City of Hickory Hills Building Department on February 17, 2022 are **APPROVED. Permit may be issued, however we recommend that the applicant agrees to comply with the requirements noted below by <u>signing</u> this review and making it part of the permit documents.**

This review shall not constitute authority for, nor approval or waiver of, any violation of the provisions of the Building Codes, and regulations of the City of Hickory Hills.

<u>Building Code:</u>
1.     Comply with the requirements of the City Civil Engineer.

2.     Comply with the requirements of the Roberts Park Fire Protection District.

3.     Submit three copies of spot survey after the foundation is poured PRIOR to beginning framing.

4.     A silt fence is required prior to excavation.

5.     Any new work discovered in the field during inspections that is not indicated on the plans will trigger a stop work order and require submittal of revisions to approved plans.  (Architect's letter and/or new plan sheets may be required.)

6.     A complete set of City approved plans shall remain on site at all times.

7.     Required Inspections:
        A.    Footing Excavation/Soil Erosion Control
        B.    Foundation Wall Forming (prior to pouring)
        C.    Backfill
        D.    Underground Plumbing
        E.    Slab (pre pour)
        F.    Electric Service
        G.    Rough Plumbing
        H.    Rough Electric
        I.    Rough HVAC
        J.    Rough Frame/Draftstopping
        K.    Insulation
        L.    Plumbing Final
        M.    Electric Final
        N.    HVAC Final
        O.    Building Final

**EXHIBIT**

F

Signature                                          Date

Print Name

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** | ) | |
| **LLC, an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23CH** |
| | ) | |
| | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills Director of Public Works,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# EXHIBIT G

# BUILDING DEPARTMENT
## CITY OF HICKORY HILLS
8652 W. 95TH ST.
HICKORY HILLS, ILLINOIS 60457
PHONE: (708) 237-4140
FAX: (708) 237-4141

FILED DATE: 4/25/2023 11:50 AM - 2023CH04058

DATE: 5/5 20 23

NAME: GENERAL DEVELOPMENT OF IL

ADDRESS: 9825 S. AVERS

PHONE #: 708 949-0477 EVERGREEN PARK

RE: 8570 S 87 AVE 60805

| CHECK ✓ | CASH | CHARGE | | AMOUNT | |
|---|---|---|---|---|---|
| | BUILDING FUND | ck # 2002 | | 6722 | 00 |
| | WATER FUND | ck # 2000 | | 3515 | 00 |
| $750 | SEWER FUND | ck # 2001 | | 750 | 00 |
| $3000 ck # | ☒ CONSTRUCTION | CASH BOND | | 3,000 | 00 |
| $5000 2003 | ☐ DEMOLITION | | | | |
| $25 | FENCE | | | | |
| $50 | POOL-ABOVE GROUND | | | | |
| $50 | POOL ELECTRICAL INSPECTION | | | | |
| $200 | POOL-INGROUND - INSPECTION FEE PLUS 1% - ESTIMATED COST | | | | |
| $25 | SHED | | | | |
| $300 | GARAGE ck # 2002 | | | 300 | 00 |
| $60 | DRIVEWAY | | | | |
| | SIGN | | | | |
| $100 | CONTRACTORS LICENSE | | | | |
| $300 | ☐ HOUSE/COMM BLDG. | DEMOLITION | | | |
| $100 | ☐ GARAGE | | | | |
| $75 | ELEVATOR INSPECTION | | | | |
| | | | | | |
| | | | | | |
| | | TOTAL | | 14287 | 00 |

RECEIVED BY  My
COLLECTOR

EXHIBIT
G

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** | ) | |
| **LLC, an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
|           **Plaintiffs,** | ) | |
| | ) | |
|      **v.** | ) | **Case No. 23CH** |
| | ) | |
| | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills Director of Public Works,** | ) | |
| | ) | |
|         **Defendants.** | ) | |

# EXHIBIT H

Case: 1:23-cv-03352 Document #: 6-1 Filed: 05/31/23 Page 52 of 127 PageID #:182

# BUILDING PERMIT

## OF THE CITY OF HICKORY HILLS

**TO** General Development of IL

**FOR** Single Family Residence

**ADDRESS** 8570 S 83 Ave.

- ☐ FOOTING
- ☐ FOUNDATION
- ☐ SEWER & WATER
- ☐ INSULATION
- ☐ FIRE SPRINKLER
- ☐ ELECTRICAL
- ☐ PLUMBING
- ☐ FRAMING
- ☐ HVAC
- ☐ CONCRETE FLATWORK

Permit No. 44-2023

John G. Moirano
BUILDING COMMISSIONER

D'Lorah Catizone
CITY CLERK

**CAUTION**

TEARING~REMOVING OR DEFACING THIS SIGN IS A VIOLATION

**Building Cannot Be Occupied Without Occupancy Permit**

FILED DATE: 4/25/2023 11:50 AM. 2023CH04058

tabbies®

EXHIBIT
A

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
|         **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
|         **Defendants.** ) | |

# EXHIBIT I

Case: 1:23-cv-03352 Document #: 6-1 Filed: 05/31/23 Page 54 of 127 PageID #:194

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

# GARAGE PERMIT

## POST THIS APPLICATION IN FRONT WINDOW DURING CONSTRUCTION

## CITY OF HICKORY HILLS
8652 W. 95th Street
Hickory Hills, IL 60457

Permit # __45-2022__
Approved By __John G. Moirano__
Date __March 4, 2022__
Fee __$300.00__

(Fee and Inspection Included)

**Owner:** __General Development of Illinois__

**Address:** __8570 S. 83rd Ave.__

__Hickory Hills, Illinois 60457__

**Phone:** __708/949-0477__

__22' x 36'__

**Contractor:** __General Development of Illinois__

__9825 S. Avers Ave.__

__Evergreen Park, IL  60805__

**R.E. Index:** __18-35-412-029-0000__

**Estimated Cost of Construction:** $20,000.00

All attached garages in residential zoning districts shall not exceed 900 s.f. or more than 3 garage spaces. All detached garages in residential zoning districts shall not exceed 900 s.f. in area, have more than 3 garage spaces, nor have a garage door opening exceeding 8 feet in height. The height of a detached garage shall not exceed 16 feet or the height of the main building on the zoning lot, whichever is lesser, but the height of the garage may be at least 12 feet in any event. Concrete should have rebar and wire mesh in slab and rebar in footings. Only one detached garage shall be allowed for each single family dwelling or on any one residential zoning lot. No garage shall be located closer than 10 feet to any structure located on the lot. No garage shall be erected within 3 feet of any side yard lot line, within 5 feet of any rear yard lot line, within 15 feet of any street or in such manner that any portion of the garage extends past the front of the principal structure on the lot. All garages must have a finished driveway. All garages must be completed within 6 months.



**EXHIBIT**

I

FILED DATE: 4/25/2023 11:50 AM  2023CH04058

## THE FOLLOWING MUST BE READ, SIGNED AND INITIALED
## INSURING THAT COMPLIANCE WILL BE MET

1. $3,000.00 Cash Bond on new construction. Bond will be forfeited after one year noncompliance.  $5,000.00 Cash Bond for new commercial
2. Two sets of stamped plans and one plat of survey required
3. Before excavating, silt fencing and erosion control must be in place with silt basket inside storm drain during construction
4. After foundation is in place, contractor must submit a survey locating foundation and grades
5. Contractor must not proceed with construction until plotted survey is approved by the Building Commissioner
6. Sewer permit from the MWRD is required for any commercial building
7. All work must be started within 6 months and must be completed within one year of issuance of permit
8. Dumpster and portable toilet required
9. Site must clean at all times
10. The issuance of a building permit is not to be construed as authorization or permission to use a building or property for any specific use
11. Use of buildings and properties must be in compliance with provisions of the City of Hickory Hills Zoning Ordinance
12. Indication of a use on a plan for building permit does not authorize said use upon granting a building permit
13. Exterior walls must be face brick extending at least 8 feet or to the underside of soffit
14. It is the responsibility of applicant to comply with all requirement codes and regulations of the Roberts Park Fire District even if not indicated on blueprints
15. Sod and trees required. Trees should be 2" or more in diameter every 74'
16. Property must be graded in accordance to Public Works requirements prior to drywall. Contact Public Works at 708/598-7855
17. If streets are not kept clean at all times, the cost of cleaning will be deducted from the Cash Bond at builders expense.
18. Hours of construction Mon-Sat 7:00 a.m. to 7:00 p.m. No construction work will be allowed on Sundays & Holidays
19. 200 amp service required. Vacuumed breaker sill cocks required
20. 2018 International Building Codes – Current Chicago Electrical Code 2014 Illinois State Plumbing  Code   2018 International HVAC, Fire and Energy Conservation Codes

## APPLICANT AGREES TO COMPLY TO ALL REQUIREMENTS

_____ Signature   5/5/22 _____ Date



**Remit Payment To:**
**17000 South Park Ave**
**South Holland, IL, 60473**

Mr. John Molrano
Building Commissioner
City of Hickory Hills
8652 West 95th Street
Hickory Hills, IL 60457

April 26, 2022
Project No:     20-R0068.10
Invoice No:     22040342

Project          20-R0068.10          HH Plan Review- 83rd Avenue
**Professional Services through April 1, 2022**
**Professional Personnel**

| | Hours | Rate | Amount |
|---|---|---|---|
| Senior Engineer 3 | 4.50 | 181.00 | 814.50 |
| Project Administration | .25 | 107.00 | 26.75 |
| Totals | 4.75 | | 841.25 |
| **Total Labor** | | | **841.25** |

**Please Pay This Amount**          **$841.25**

MA   – 5 2022

Case: 1:23-cv-00352 Document #: 1 Filed: 05/31/23 Page 57 of 127 PageID #:197

# BUILDING DEPARTMENT
# CITY OF HICKORY HILLS
8652 W. 95TH ST.
HICKORY HILLS, ILLINOIS 60457
PHONE: (708) 237-4140
FAX: (708) 237-4141

DATE: 5/5 20 22

NAME: GENERAL DEVELOPMENT OF IL

ADDRESS: 9825 S. AVERS

PHONE #: 708 949-0477

RE: 8570 S. 83 AVE

| CHECK 2004 | CASH | CHARGE | AMOUNT | |
|---|---|---|---|---|
| | | BUILDING FUND | | |
| | | WATER FUND | | |
| $750 | | SEWER FUND | | |
| $3000 $5000 | | ☐ CONSTRUCTION ☐ DEMOLITION     CASH BOND | | |
| $25 | | FENCE | | |
| $50 $50 | | POOL-ABOVE GROUND POOL ELECTRICAL INSPECTION | | |
| $200 | | POOL-INGROUND - INSPECTION FEE PLUS 1% - ESTIMATED COST | | |
| $25 | | SHED | | |
| $300 | | GARAGE | | |
| $60 | | DRIVEWAY | | |
| | | SIGN | | |
| $100 | | CONTRACTORS LICENSE | | |
| $300 $100 | | ☐ HOUSE/COMM BLDG. ☐ GARAGE     DEMOLITION | | |
| $75 | | ELEVATOR INSPECTION | | |
| | | ROBINSON ENG FEE | 841 | 25 |
| | | PLAN REVIEW - 83 AVE | | |
| | | TOTAL | 841 | 25 |

RECEIVED BY _Mg_

COLLECTOR

2023CH04058     FILED DATE: 4/25/2023 11:50 AM

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** | ) | |
| **LLC, an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23CH** |
| | ) | |
| | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills Director of Public Works,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# EXHIBIT J



# BOHNAK
# ENGINEERING, INC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

April 28, 2021

Marilyn Gabrysiak                                   Via Email: hhbld1@hickoryhillsil.org
Deputy Building Commissioner
City of Hickory Hills
Building Department

**Response to Hickory Hills Public  Works Review Letter No.: 1**
**Lots 1-4, 83rd Avenue**
**Hickory Hills, Illinois**

Dear Ms. Gabrysiak:

Pursuant to the April 22, 2021 email review letter from the public works, the comments have been addressed as noted.  For your convenience, each comment has been reiterated and is followed by the response.

1.  It must be noted that the cover page indicates the project on 83rd Court.
    **Response:  The location map was modified to identify the correct location on 83rd Avenue.**

2.  Please provide pin numbers for all lots.  Subdivision of Lot 77 would be required prior to development
    **Response:  The PIN numbers were added, and Lot 77 will be subdivided prior to development of the two parcels.  The owner will provide the plats of survey.**

3.  A permanent easement is required for the water main and storm sewer between the south ½ of Lot 77 and pin 18-35-412-029
    **Response:  The proposed easement has been added to the plan as required.  The easements will be included in the plat of survey which will be provided by the owner.**

4.  Water main extension requires the installation of a control valve at the start point of the extension.  Existing water main is 6".  An East Jordan Iron Works hydrant must be installed at the end of the dead end main.  Each curb stop/b-box for that particular house must be located within the ROW.
    **Response: A control valve has been added at the northern end of the water main extension, an EJ fire hydrant was called out for the south (dead) end of the water main, and the b-box was moved into the ROW.**

---

Civil & Environmental Engineering ● Planning & Development ● Water Resources ● Transportation
Box 143, Tinley Park, Illinois 60477 ● 708/214-7518 ● Fax708/614-8407 ●bob@bohnakengineering.com

**EXHIBIT**

J

FILED DATE: 4/25/2023 11:50 AM 2023CH04058

5. The water services are depicted as a 1-1/4" copper line. A fire protection system will be required in each unit and the water service line must be sized accordingly. Typically a 1-1/2" service line is required, verify size for fire protection. Two Water meters are required just inside the foundation: one water meter for potable water and one meter for the fire protection system. A conduit pipe must be supplied on the outside to run wires from the meters to the outside radio read units.
   **Response: The water service has been upsized to 1-1/2", The water meters, and conduit pipes will be reflected on the building plans.**

6. On Sheet 6, sanitary sewer is called out as RCP, this must be PVC . All sanitary service connections must be called out as 8"x8"x6". Public sanitary lids must be labeled as such and have the City logo embossed. Sanitary frames in pavement should be adjusted with a rubber adjustment ring to final grade.
   **Response: The sanitary sewer on Sheet 6 was modified to PVC, the service connections were called out as 8"x8"x6". A note has been added to the detail to call out "SANITARY" and the City Logo on the cover. A note was added to the detail for rubber adjustment rings.**

7. Solid storm sewer covers must be labelled as such and have the City logo embossed.
   **Response: A note has been added to call out "STORM" and the City Logo on the cover.**

8. Roadway shall be constructed with a cul-de-sac and storm drainage should be included at the south end of development.
   **Response: A cul-de-sac was added at the south end of the roadway and the an inlet has been added to collect stormwater runoff.**

9. Please provide further detail how compensatory storage will be accessed and maintained.
   **Response: The compensatory storage area will be accessed from 84th Avenue Right of Way off of 87th Street. The pond will be maintained by mowing and cleaning to maintain the compensatory storage volume.**

10. Public sidewalks are required. Landscaping plans have not been submitted but parkway trees are required for each lot.
    **Response: There are no sidewalks located on the existing streets, we are requesting to match the current right-of-way improvements that do not include sidewalks.**

11. Developer must keep the disturbance area secured for safety for all times. The disturbance area is defined as the portion of the construction site where permanent improvements and temporary construction activities shall be located. Developer must keep the construction site clean and adjacent streets clean of sediment.
    **Response: Acknowledged, a note was added to Sheet 3.**



BOHNAK
ENGINEERING, INC.

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

12. Owner is responsible to obtain all necessary regulatory permits and inspections required prior to development and throughout development process.
    **Response:  Acknowledged, the copies of regulatory permits will be provided upon receipt.**

If you have any questions, please contact me at (708) 214-7518.

Very Truly Yours,

BOHNAK ENGINEERING, INC.

Robert J. Bohnak, P.E.
President



FILED DATE: 4/25/2023 11:50 AM  2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
| **Defendants.** ) | |

# EXHIBIT K

## Inspections for 8570 S 83 Ave

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

Footing      6/13/22  approved

Foundation  6/16/22   approved by Leo

Underground plumbing  approved  6/23/22

Basement floor  6/24/22  approved

Electric service  8/10/22   approved

Rough plumbing    9/15/22  not approved

Rough plumbing reinspection  9/26  approved

Rough HVAC  9/15/22   approved

Rough electric  9/15/22   approved

Post hole for deck  9/28/22  approved

Framing   10/10/22  approved

Rough fire sprinkler  9/29/22 not approved

Rough fire sprinkler reinspection   10/11/22  approved

Insulation inspection  10/24/22  approved

Stoop inspection   11/2/22  approved

Garage slab   11/11/22  approved by Leo



EXHIBIT

k



FILED DATE: 4/25/2023 11:50 AM   2023CH04058

February 6, 2023

Ken Devries
General Development
7348 w. 83rd Avenue
Bridgeview, IL 60455

**Subject:** **Summary of Hickory Hills Submittals**
**Lots 1-4 South Side of 83rd Avenue**
**Hickory Hills, Illinois 60457**
**Project No. 3634**

Mr. Devries:

Pursuant to your request, this letter summarizes the plan submittals to the Town of Hickory Hills through the duration of the project from initial submittal to permit issuance.

| Date Submitted | Items Submitted to Town of Hickory Hills |
|---|---|
| 9/4/2020 | Project plans, supporting calculations and MWRD Permit Application to the town of Hickory Hills for Site Plan Review. |
| 5/3/21 | Submit Response 1 to 4/21/21 Hickory Hills Public Works Plan Review 1, including plans and supporting documentation. Upon completion of review designer received signed MWRD Permit Applications from Hickory Hills |
| 7/6/21 | Copied Hickory Hills on Response 1 to MWRD Plan Review1, including plans, supporting documentation and updated permit applications. |
| 11/24/21 | MWRD Reviewer Bryan O'Malley emailed MWRD Permit, Approved Engineering plans (dated 11/11/21) and approved supporting documents to Hickory Hills and owner. |
| 2/8/22 | Per Town Request, resent 11/11/21 plans to Hickory Hills, |
| 4/14/22 | Submit Response 2 to 3/17/22 Hickory Hills Public Works Plan Review 2, including plans and supporting documents. |
| 5/4/22 | Submit supplemental follow-up questions received by email from Town public works resubmittal, including plans and supporting documentation. |

Please contact me if you have any questions or require any additional information.

Thank you,

BOHNAK ENGINEERING, INC.

Robert J. Bohnak, P.E.
President

Civil & Environmental Engineering ●Planning & Development ● Water Resources ● Transportation
8405 Radcliffe Rd, Tinley Park, Illinois 60477 ● 708/214-7518 ● Fax708/614-8407 ●bob@bohnakengineering.com

FILED DATE: 4/25/2023 11:50 AM  2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
| **Defendants.** ) | |

# EXHIBIT L



EXHIBIT

L

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** )<br>**LLC, an Illinois limited liability company,** )<br>**HANAN BEKRI and** )<br>**ABDERRAZK CHAHINE** )<br>     **Plaintiffs,** )<br>        )<br>   **v.**      )<br>        )<br>**CITY OF HICKORY HILLS,** )<br>**an Illinois municipal corporation, and** )<br>**SUE LEHR, individually and in her capacity as** )<br>**Hickory Hills Director of Public Works,** )<br>        )<br>     **Defendants.** ) | **Case No. 23CH** |

# EXHIBIT M

FILED DATE: 4/25/2023 11:50 AM 2023CH04058



tabbies®

EXHIBIT

FILED DATE: 4/25/2023 11:50 AM  2023CH04058

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** ) | |
| **LLC, an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
|           **Plaintiffs,** ) | |
| ) | |
|     **v.** ) | **Case No. 23CH** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills Director of Public Works,** ) | |
| ) | |
|         **Defendants.** ) | |

# EXHIBIT N

FILED DATE: 4/25/2023 11:50 AM 2023CH04058



EXHIBIT

N

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| **GENERAL DEVELOPMENT OF ILLINOIS,** | ) | |
| **LLC, an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23CH** |
| | ) | |
| | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills Director of Public Works,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# EXHIBIT O

FILED DATE: 4/25/2023 11:50 AM   2023CH04058

| | | |
|---|---|---|
| **Detached Single** | MLS #: **11762665** | List Price: **$469,900** |
| Status: **NEW** | List Date: **04/19/2023** | Orig List Price: **$469,900** |
| Area: **457** | List Dt Rec: **04/19/2023** | Sold Price: |
| Address: **8574 S 83rd Ave , Hickory Hills, IL 60457** | | |
| Directions: **TAKE 87TH STREET TO 84TH COURT THEN EAST ON 85TH STREET TO 83RD AVE THEN SOUTH TO DEAD END.** | | |
| | | Lst. Mkt. Time: **6** |

| | | |
|---|---|---|
| Closed: | Contract: | Concessions: |
| Off Market: | Financing: | Contingency: |
| Year Built: **2022** | Blt Before 78: **No** | Curr. Leased: |
| Dimensions: **0.47** | | Model: |
| Ownership: **Fee Simple** | Subdivision: | County: **Cook** |
| Corp Limits: **Hickory Hills** | Township: **Lyons** | |
| Coordinates: | | # Fireplaces: |
| Rooms: **9** | Bathrooms **3 / 0** (full/half): | Parking: **Garage** |
| Bedrooms: **5** | Master Bath: **Full** | # Spaces: **Gar:2** |
| Basement: **English** | Bsmnt. Bath: **Yes** | Parking Incl. In Price: |

Buyer Ag. Comp.: **2.5%-395 (% of New Construction Base Price)** **?**

Mobility Score: - **?**

**Remarks:** **CRAZY LOW INTEREST RATE AVAILABLE TO QUALIFIED BUYERS (5.375% ON A 15 YEAR FIXED RATE MORTGAGE OR 5.75% ON A 30 YEAR FIXED RATE MORTGAGE (AS OF MARCH 24, 2023) WITH 12 MONTH LOCK) AVAILABLE WITH ONLY 10% DOWN PAYMENT AND NO P.M.I. NEW CONSTRUCTION TO BE BUILT WITH DECEMBER 2023 OCCUPANCY DATE -- MAGNIFICENT 5 BEDROOM/3 BATH RAISED RANCH HOME WITH FULLY FINISHED LOWER LEVEL. EXCEPTIONAL QUALITY AND LUXURY DETAILS HIGHLIGHT AN OPEN, BRIGHT FLOOR PLAN WITH HIGH CEILINGS AND HARDWOOD FLOORS THROUGHOUT. GORGEOUS KITCHEN WITH QUARTZ COUNTER TOPS LIVING ROOM WITH FIREPLACE AND VAULTED CEILINGS. LARGE MASTER BEDROOM WITH WALK-IN CLOSET AND CUSTOM-DESIGNED MASTER BATH WITH WALK-IN SHOWER, FULLY FINISHED LOWER LEVEL WITH 9FT HIGH CEILINGS.**

| **School Data** | **Assessments** | **Tax** | **Miscellaneous** |
|---|---|---|---|
| Elementary: **(109)** | Amount: | Amount: **$363.12** | Waterfront: **No** |
| Junior High: **(109)** | Frequency: **Not Applicable** | PIN: **18354120150000** | Appx SF: **2976** |
| High School: **Argo Community (217)** | Special Assessments: **No** | Mult PINs: | SF Source: **Builder** |
| | Special Service Area: **No** | Tax Year: **2021** | Bldg. Assess. SF: |
| | Master Association: | Tax Exmps: | Acreage: **0.4662** |
| | Master Assc. Freq.: **Not Required** | | |

Square Footage Comments:

| Room Name | Size | Level | Flooring | Win Trmt | Room Name | Size | Level | Flooring | Win Trmt |
|---|---|---|---|---|---|---|---|---|---|
| Living Room | 23X15 | Main Level | | | Master Bedroom | 15X14 | Main Level | | |
| Dining Room | COMBO | Main Level | | | 2nd Bedroom | 12X11 | Main Level | | |
| Kitchen | 19X12 | Main Level | | | 3rd Bedroom | 12X10 | Main Level | | |
| Family Room | 27X24 | Lower | | | 4th Bedroom | 14X10 | Lower | | |
| Laundry Room | 10X10 | Lower | | | | | | | |
| 5th Bedroom | 14X9 | Lower | | | | | | | |

Interior Property Features:
Exterior Property Features:

| | | |
|---|---|---|
| Age: **NEW Proposed Construction** | Laundry Features: | Roof: |
| Type: **Raised Ranch** | Additional Rooms: **5th Bedroom** | Sewer: **Overhead Sewers** |
| Style: | Garage Ownership: **Owned** | Water: **Lake Michigan** |
| Exterior: **Brick** | Garage On Site: **No** | Const Opts: |
| Air Cond: **Central Air** | Garage Type: **Detached** | General Info: **School Bus Service, Commuter Bus, Commuter Train, Interstate Access** |
| Heating: **Gas** | Garage Details: | Amenities: |
| Kitchen: | Parking Ownership: | Asmt Incl: **None** |
| Appliances: | Parking On Site: | HERS Index Score: |
| Dining: | Parking Details: | Green Discl: |
| Attic: | Driveway: | Green Rating Source: |
| Basement Details: **Finished** | Foundation: | Green Feats: |
| Bath Amn: | Exst Bas/Fnd: | Sale Terms: |
| Fireplace Details: | Disability Access: **No** | Possession: **Closing, To Be Constructed** |
| Fireplace Location: | Disability Details: | Occ Date: **12/01/2023** |
| Electricity: | Exposure: | Rural: |
| Equipment: | Lot Size: **.25-.49 Acre** | Addl. Sales Info.: **None** |
| Other Structures: | Lot Size Source: | Broker Owned/Interest: **No** |
| Door Features: | Lot Desc: | Relist: |
| Window Features: | | Zero Lot Line: |

Copyright 2023 MRED LLC - The accuracy of all information, regardless of source, including but not limited to square footages and lot sizes, is deemed reliable but not guaranteed and should be personally verified through personal inspection by and/or with the appropriate professionals.
NOTICE: Many homes contain recording devices, and buyers should be aware that they may be recorded during a showing.

MLS #: 11762665

Prepared By: Linda Seyller | RE/MAX 10 | 04/24/2023 11:03 AM



EXHIBIT

FILED DATE: 4/25/2023 11:50 AM    2023CH04058



| | | |
|---|---|---|
| **Detached Single** | MLS #: **11762667** | List Price: **$529,900** |
| Status: **NEW** | List Date: **04/19/2023** | Orig List Price: **$529,900** |
| Area: **457** | List Dt Rec: **04/19/2023** | Sold Price: |
| Address: **8576 83rd Ave , Hickory Hills, IL 60457** | | |
| Directions: **TAKE 87TH STREET TO 84TH COURT THEN EAST ON 85TH STREET TO 83RD AVE THEN SOUTH ON 83RD AVE TO DEAD END.** | | |
| | | Lst. Mkt. Time: **6** |

| | | |
|---|---|---|
| Closed: | Contract: | Concessions: |
| Off Market: | Financing: | Contingency: |
| Year Built: **2022** | Blt Before 78: **No** | Curr. Leased: |
| Dimensions: **0.47** | | Model: |
| Ownership: **Fee Simple** | Subdivision: | |
| Corp Limits: **Hickory Hills** | Township: **Lyons** | County: **Cook** |
| Coordinates: | | # Fireplaces: |
| Rooms: **8** | Bathrooms **2 / 1** (full/half): | Parking: **Garage** |
| Bedrooms: **5** | Master Bath: **Full** | # Spaces: **Gar:2** |
| Basement: **Full** | Bsmnt. Bath: **No** | Parking Incl. **Yes** |
| | | In Fore: |

Buyer Ag. Comp.: **2.5%-395 (% of New Construction Base Price)**  ?

Mobility Score: **–**  ?

**Remarks:** CRAZY LOW INTEREST RATE TO QUALIFIED BUYERS (5.375% ON A 15 YEAR FIXED INTEREST RATE MORTGAGE OR 5.75% ON A 30 YEAR FIXED RATE MORTGAGE (AS OF MARCH 24,2023) WITH 12 MONTH LOCK) AVAILABLE WITH ONLY 10% DOWN PAYMENT AND NO P.M.I. NEW CONSTRUCTION TO BE BUILT WITH FEBRUARY 2024 OCCUPANCY DATE -- EXQUISITE CUSTOM 2 - STORY (2,200 SQ FT) HOME TO BE BUILT. THIS BEAUTIFUL HOME FEATURES 4-5 BEDROOMS, 2.5 BATHS, HARDWOOD FLOORS THROUGHOUT AND BEAUTIFULLY DESIGNED WITH ALL HIGH END MATERIALS. BRIGHT AND SPACIOUS GOURMET KITCHEN FEATURING ALL WHITE CABINETRY, QUARTZ COUNTER TOPS, BEAUTIFUL OVERSIZED CENTER ISLAND AND SEPERATE PANTRY. SPACIOUS DINETTE/BREAKFAST ROOM WITH PATIO DOORS LEADING TO THE INCREDIBLE BACKYARD. FAMILY ROOM WITH FIREPLACE. MAIN LEVEL OFFICE / 5TH BEDROOM. LARGE MASTER BEDROOM SUITE WITH WALK-IN CLOSET. LUXURIOUS MASTER BATH FEATURES DOUBLE SINKS, LARGE WALK IN SHOWER, AND FREE-STANDING SOAKER TUB. 2ND FLOOR LAUNDRY ROOM WITH SINK AND CABINETS FOR ALL YOUR STORAGE NEEDS. FULL BASEMENT WITH 9 FT HIGH CEILINGS AND ROUGHED-IN 3/4 BATH AND ENDLESS POSSIBILITIES. ENJOY OUTDOOR LIVING IN THIS BACKYARD RETREAT. ALL CONCRETE DRIVEWAYS AND WALKWAYS HIGHLIGHT THE EXCEPTIONAL CURB APPEAL OF THIS HOME.

| School Data | Assessments | Tax | Miscellaneous |
|---|---|---|---|
| Elementary: **(109)** | Amount: | Amount: **$363.12** | Waterfront: **No** |
| Junior High: **(109)** | Frequency: **Not Applicable** | PIN: **18354120150000** | Appx SF: **2200** |
| High School: **Argo Community (217)** | Special Assessments: **No** | Mult PINs: **No** | SF Source: **Builder** |
| | Special Service Area: **No** | Tax Year: **2021** | Bldg. Assess. SF: |
| | Master Association: | Tax Exmps: | Acreage: **0.47** |
| | Master Assc. Freq.: **Not Required** | | |

Square Footage Comments:

| Room Name | Size | Level | Flooring | Win Trmt | Room Name | Size | Level | Flooring | Win Trmt |
|---|---|---|---|---|---|---|---|---|---|
| Living Room | | Not Applicable | | | Master Bedroom | 17X15 | 2nd Level | | |
| Dining Room | COMBO | Main Level | | | 2nd Bedroom | 10X11 | 2nd Level | | |
| Kitchen | 20X15 | Main Level | | | 3rd Bedroom | 11X10 | 2nd Level | | |
| Family Room | 14X19 | Main Level | | | 4th Bedroom | 11X13 | Main Level | | |
| Laundry Room | 7X9 | 2nd Level | | | | | | | |
| 5th Bedroom | 9X10 | Main Level | | | | | | | |

Interior Property Features:
Exterior Property Features:

| | | |
|---|---|---|
| Age: **NEW Proposed Construction** | Laundry Features: | Roof: |
| Type: **2 Stories** | Additional Rooms: **5th Bedroom** | Sewer: **Overhead Sewers** |
| Style: | Garage Ownership: **Owned** | Water: **Lake Michigan** |
| Exterior: **Vinyl Siding** | Garage On Site: **Yes** | Const Opts: |
| Air Cond: **Central Air** | Garage Type: **Attached** | General Info: **School Bus Service, Commuter Bus, Commuter Train, Interstate Access** |
| Heating: **Gas** | Garage Details: | Amenities: |
| Kitchen: | Parking Ownership: | Asmt Incl: **None** |
| Appliances: | Parking On Site: | HERS Index Score: |
| Dining: | Parking Details: | Green Discl: |
| Attic: | Driveway: | Green Rating Source: |
| Basement Details: **Unfinished** | Foundation: | Green Feats: |
| Bath Amn: | Exst Bas/Fnd: | Sale Terms: |
| Fireplace Details: | Disability Access: **No** | Possession: **Closing, To Be Constructed** |
| Fireplace Location: | Disability Details: | Occ Date: **02/01/2024** |
| Electricity: | Exposure: | Rural: |
| Equipment: | Lot Size: **.25-.49 Acre** | Addl. Sales Info.: **None** |
| Other Structures: | Lot Size Source: | Broker Owned/Interest: **No** |
| Door Features: | Lot Desc: | Relist: |
| Window Features: | | Zero Lot Line: |

Copyright 2023 MRED LLC - The accuracy of all information, regardless of source, including but not limited to square footages and lot sizes, is deemed reliable but not guaranteed and should be personally verified through personal inspection by and/or with the appropriate professionals. NOTICE: Many homes contain recording devices, and buyers should be aware that they may be recorded during a showing.

MLS #: 11762667                    Prepared By: Linda Seyller | RE/MAX 10 | 04/24/2023 11:02 AM

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

FILED DATE: 4/26/2023 12:30 PM   2023CH04058

Attorney No. 12705

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/26/2023 12:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22459055

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** )<br>**an Illinois limited liability company,** )<br>**HANAN BEKRI and** )<br>**ABDERRAZK CHAHINE** )<br>**Plaintiffs,** )<br> )<br>**v.** )<br> )<br> )<br>**CITY OF HICKORY HILLS,** )<br>**an Illinois municipal corporation, and** )<br>**SUE LEHR, individually and in her capacity as** )<br>**Hickory Hills director of Public Works,** )<br> )<br>**Defendants.** ) | **Case No. 23CH 04058** |

### PLAINTIFFS' MOTION TO DISQUALIFY

Plaintiffs, General Development of Illinois, LLC (General), Hanan Bekri (Hanan) and

Abderrazk Chahine (Abderrazk) by and through their attorney, and moving to disqualify the law

firm of Louis F. Cainkar, LTD and attorney Vincent Cainkar from representing the defendants in

this matter, state as follows:

### INTRODUCTION

The subject matter of this litigation involves the illegal placement of a water main on

property located in the Village of Hickory Hills. Plaintiff General is the current owner of the

property and the same is under contract for sale to co-plaintiffs Hanan and Abderrazk.

After acquiring the property, General developed the property into single family homes,

which required General to submit surveys, plats of subdivision and plans to defendant Hickory

Hills for approval.

FILED DATE: 4/26/2023 12:30 PM   2023CH04058

Louis F. Cainkar, LTD (the Firm) and Vincent Cainkar (the Attorney) are the attorneys for the City of Hickory Hills and were involved in the process of the development of the subject property, and the approval of that development on behalf of Hickory Hills. As a result, they are witnesses and are prohibited from representing the defendants and being witnesses simultaneously.

## ARGUMENT

Rule 3.7 of the Illinois Rules of Professional Conduct 2010, provides:

**(a)** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
**(b)** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Both the Firm and the Attorney have a conflict of interest in that they specifically communicated with General and requested that General grant Hickory Hills a public utility easement on 8566 83rd Avenue and gave their approval of the plats and plans dedicating that easement at the requested location, but Hickory Hills and co-defendant Lehr actually constructed the water main outside the dedicated easement, and constructed the same on 8570 83rd Avenue, thus making the property unsaleable.

Both the Firm and the attorney are material witnesses to the development approval process and are potential party defendants and cannot advocate and witness at the same time.

In addition, as the Firm and the Attorney may have their own liability for their actions their positions are adverse to those of Hickory Hills and they cannot advocate for a client with whom they have a concurrent conflict.

Wherefore, Plaintiffs pray this Honorable Court enter an order disqualifying the law firm of Louis F. Cainkar, LTD and attorney Vincent Cainkar from acting as attorneys for the defendants in this matter..

Respectfully submitted,

FILED DATE: 4/26/2023 12:30 PM   2023CH04058

Dennis Both                                 General Development of Illinois, LLC
18 W. 111 73rd Place                    Hanan Bekri and Abderrazk Chahine
Darien, IL 60561
(312) 31598200
dbothlaw@att.com                            */s/ Dennis Both* _____

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Attorney No. 12705

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/26/2023 8:04 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22450993

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** ) | |
| **an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 23CH 04058** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills director of Public Works,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, General Development of Illinois, LLC, Hanan Bekri (Hanan) and Abderrazk Chahine (Abderrazk) by and through their attorney, move this Court pursuant to 735 ILCS 5/11-101 for entry of a Temporary Restraining Order ("TRO"), and state as follows:

### A.   Introduction and Factual Background

Plaintiff General Development of Illinois, LLC ("General") is engaged in the business of developing real property.  General is the owner of, and Hanan and Adderraak, are the contract purchasers of a certain parcel of real property commonly known as 8570 S. 83rd Avenue, Hickory Hills (8570). Plaintiffs have filed a Verified Complaint (the Complaint) against all of the Defendants in the above-titled action.

As detailed in the Complaint and the Affidavit attached hereto as Exhibit 1, Hickory Hills constructed a water main (the Water Main)on 8570 without permit or permission. General purchased the property that after subdivision became 8570. Prior to preparing surveys and plats

Page **1** of **7**

FILED DATE: 4/26/2023 8:04 AM    2023CH04058

of subdivision, General called Hickory Hills to locate the water main and other municipal utilities. Hickory Hills responded and marked the water main on the adjoining lot (8566). In accordance with defendants' locate, surveys and a plat of subdivision were prepared and approved by defendants. The approved plats and surveys locate the Water main on 8566.

General entered into a contract with Hanan and Adderraak for the construction of a single family residence and detached garage on 8570 and Hanan and Adderraak made selections of colors, style and materials to customize the residence to their tastes and preferences. General submitted plans for the construction of the residence with garage on 8570 which plans were reviewed and approved by Hickory Hills.

The entire process of preparing plats and plans and the approval of the same by Hickory Hills and its engineers took approximately 2 years. Hickory Hills inspected and approved the construction of the residence and the garage during each phase of construction.

After the residence and garage were substantially complete, Hickory Hills announced that it had improperly located and marked the Water Main and the same was not on 8566, as it had indicated, but was in fact on 8570 and runs directly below the driveway and garage.

The presence of the Water Main is a trespass on 8570 and clouds title to 8570. Plaintiffs have complained to defendants Hickory Hills and Lehr and requested that the Water Main be relocated to the easement for municipal utilities that Hickory Hills requested and General provided on 8566 or in the alternative that the Water main be terminated, as it is not required as part of the water distribution system as it is used only as a loop to circulate but not deliver water and Hickory Hills has refused, instead demanding that General pay the cost of the relocation.

Hanan and Adderraak cannot close on the purchase of 8570 with the Water Main left in place and operational, and are in danger of losing their loan commitment. The delay has already

FILED DATE: 4/26/2023 8:04 AM  2023CH04058

caused an increase in the interest rate  they are being offered which substantially increases their loan costs for the life of the loan.

Furthermore, it is an emergency that the issue be resolved as Hanan and Adderraak must vacate their current residence by month's end and will be without a place to live if they cannot close on the purchase of 8570 and move into the same.

In retaliation for complaining about the Water Main and demanding that Hickory Hills take action to resolve the problems it caused, Hickory Hills has placed a "Stop Work" order on 8570 and has refused to issue an occupancy permit event though the residence and garage were constructed according to the approved plans and even though the same were inspected and approved during each phase of construction as required.

Adding insult to injury the owner of the lots south of 8570 have plans to construct custom homes on their property which will necessitate extending the water main located on 83rd Avenue past 8570 to deliver water to these new homes. In turn, once these homes are built the loop in the water system which is the only purpose of the Water Main  will need to be relocated past the southern most new home, but defendants refuse to take action to rectify their wrongs now even though they will eventually be required to do so.

**Legal Standard**

TROs may be entered with or without notice.  735 ILCS 5/11-101; *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27.  The First District Appellate Court has held 30 minutes notice via telephone call to be sufficient notice of a motion for TRO where a plaintiff was "faced with an imminent disruption to its business operations…." *American Warehousing Servs. v. Weitzman*, 169 Ill.App.3d 708, 714 (1st Dist. 1988).  Where a TRO is

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

entered with notice, it is not limited to 10 days under 735 ILCS 5/11-101. *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27.

"A TRO is an emergency remedy issued to maintain the status quo until the case is disposed of on the merits." *Wilson v. Hinsdale Elementary School Dist.* 181, 349 Ill.App.3d 243, 248 (2nd Dist. 2004). "A party seeking a TRO must establish, by a preponderance of the evidence, that (1) he or she possesses a certain and clearly ascertainable right needing protection, (2) he or she has no adequate remedy at law, (3) he or she would suffer irreparable harm without the TRO, and (4) he or she has a likelihood of success on the merits." *Id.* at 248.

A temporary restraining order is an emergency remedy issued to maintain the status quo until a hearing can be held on a motion for a preliminary injunction. *Peoples Gas Light & Coke Co. v. City of Chicago,* 117 Ill.App.3d 353 (1983). The status quo is defined as the last, actual, peaceable, uncontested status that preceded the pending controversy. *Gold v. Ziff Communications Co,*196 Ill.App.3d 425 (1989). In considering whether injunctive relief is proper, the trial court should not decide contested issues of fact or the merits of the action. *See Buzz Barton &Associates, Inc. v. Giannone,* 108 Ill.*2d 373* (1985) (considering entry of preliminary injunction); *Rotary Club v. Harry F. Shea & Co.*, 120 Ill.App.3d 988 2 (1983).

**B.     Argument**

**1.     A certain and clearly ascertainable right needing protection**

General is the fee owner of 8570 and Hanan and Adderraak are equitable owners of 8570 by virtue of their purchase contract. The maintenance of the Water Main is a continuing trespass on 8570 and each of the plaintiffs has a clear right to 8570.

Conversely, the defendants have no legal right title or interest to 8570. As requested buy Hickory Hills, General provided an easement for municipal utilities on 8566, which is where Hickory Hills stated the Water Main was located and is where Hickory Hills physically marked

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

and located the Water Main. Based upon Hickory Hills marked location of the Water main, survey and plats were prepared indicating the presence of the easement on 8566.

General then constructed a residence and garage on 8570 are substantial expense and is being damaged every day the trespassing Water Main continues to exist.

Likewise Hanan and Adderraak are being damaged every day the Water Main exists as then cannot close on the purchase of 8570 and Hickory Hills refuses to issue an occupancy permit because it located the Water Main under the garage.

Hickory Hills did not obtain consent to install the Water Main nor does it have consent to maintain the Water Main, but refuses to take action to terminate or relocate it.

Plaintiffs' ownership rights are clear and require protection.

### 2. No adequate remedy at law

An adequate remedy at law is one which is clear, complete and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill.2d 540, 549 (1977). Plaintiffs have no adequate remedy at law. Plaintiffs cannot simply wait for trial in hopes that a monetary judgment may provide some adequate relief at an unknown future date, assuming they are able to enforce such a judgment. Plaintiffs face immediate and continuing injury to unique real property and Hanan and Adderraak will have no place to live if they cannot close on the purchase of 8570, and they cannot close on their purchase without resolution to the trespass.

### 3. Plaintiffs will suffer irreparable harm without the TRO

Irreparable harm is defined as harm that cannot be prevented or rectified by final judgment after trial. See *Roland Machine Co. v Dresser Indus. Inc.,* 749 F. 2d. 380, 386 (7th Cir. 1984). To be considered irreparable an injury need not be incapable of compensation, but merely denote transgressions of a continuing nature. The mere threat of dissipation can be

considered by determining the risk of irreparable harm. *In re Marriage of Joerger*, 221 Ill.App.3d 400, 405, (1991).

The trespass of the Water Main is ongoing in nature and prevents General from selling 8570 and prevents Hanan and Adderraak from purchasing the same. The threat of the continuation of such loss to General's business interest is sufficient to show irreparable injury unless the plaintiff is protected by the court. *Eagle Books, Inc. v. Jones,* 130 Ill.App.3d 407, 411 (1985). The First District Appellate Court has held: "Once a protectible interest is established, our courts presume that irreparable injury follows if the interest is not protected." *A.B. Dick Co. v. American Pro-Tech*, 159 Ill.App.3d 786, 794 (1987). Plaintiffs will "suffer irreparable harm" without issuance of the TRO.

### C.    Likelihood of success on the merits

"The party seeking a preliminary injunction or temporary restraining order is not required to make out a case which would entitle him to relief on the merits; rather, he need only show that he raises a 'fair question' about the existence of his right and that the court should preserve the status quo until the case can be decided on the merits." *Buzz Barton & Assoc, Inc v Giannore*, 108 Ill 2d 373, 382 (1985).

### D.    Conclusion

This is an emergency requiring immediate action. There is no procedure by which this gross inequity and illegal action can be remedied other than restraint by this Court. Plaintiff General is a solvent, ongoing business enterprise, qualified to do business in Illinois, which business is being adversely affected  by the continuing trespass of the Water Main which causes it severe financial strain by effectively rendering 8570 un-saleable and without value.

Every day the closing of the purchase is delayed costs Hanan and Adderraak money and risks them losing their loan commitment and most seriously will leave them homeless as they

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

must move from their current residence by month's end. They anticipated closing on the purchase and moving into 8570 but are precluded form doing so until the Water Main issue is corrected.

The Defendants are not prejudiced by the issuance of a restraining order or preliminary injunction or a permanent injunction against the acts of which Plaintiffs complain. Plaintiffs submit that extremely good cause has been shown by the above facts and circumstances for the Court to exercise its discretion and waive any surety bond before the issuance of a TRO. The Defendants will not be prejudiced by the waiver of a bond, and bond should be waived.

WHEREFORE, Plaintiffs General Development of Il, LLC, Hanan Bekri and Abderrazk Chahine request that the Court enter an Order:

1. Restoring the status quo by ordering defendants to disconnect the water main or relocate the same:
2. Order the issuance of an occupancy permit;
3. Prohibiting defendants, and all those acting in concert therewith its officials, and agents from interfering with Plaintiff's use and quiet and enjoyment of the Property use;
4. Award Plaintiffs costs and fees: and
5. Providing such other and further relief as the Court deems just and equitable.

Dennis Both
18 W. 111 73rd Place
Darien, IL 60561
(312) 31598200
dbothlaw@att.com

Respectfully submitted,
General Development of Illinois, LLC
Hanan Bekri and Abderrazk Chahine

**/s/ Dennis Both**

Attorney for Plaintiffs

FILED DATE: 4/26/2023 8:04 AM 2023CH04458

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| **GENERAL DEVELOPMENT OF IL,** | ) | |
| **LLC, an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 23CH** |
| | ) | |
| | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills Director of Public Works,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### AFFIDAVIT OF KEN DEVRIES

Your affiant, Ken Devries, being first duly sworn on oath deposes and states that if called to testify as a witness in this mater he could competently testify from personal knowledge as follows:

1.     My name is Ken Devries, I am over the age of majority and under no legal disability.

2.     I am an owner and Manager of General Development of Il. LLC (General).

3.     General is a building contractor in the business of developing residential properties.

4.     On December 9, 2006, General purchased the taxes for lots 77 (Lot 77) and 78 (Lot 78)(Lot 77 and Lot 78 are collectively referred to as the Lots)in Frank Delugach's subdivision of 87th Street Woods, a subdivision generally located on the west side of 83rd Avenue in Hickory Hill, and received deeds from the Cook County Clerk for the Lots dated November 5,

**EXHIBIT**

tabbies

1

2007, and on November 16, 2007 deeded the Lots to Marquette Bank as trustee under the provisions of a Trust Agreement dated December 28, 2007 and known as trust number 18472 (the Trust).

5.      General is the beneficiary of the Trust.

6.      General subdivided Lot 77 into lots1 and 2 of Connor's First Subdivision on Lot 77.

7.      General subdivided Lot 78 into Lots 1 and 2 of Connor's Second Subdivision of Lot 78.

8.      Unbeknownst to General, sometime prior General's purchase of the Lots, Hickory Hills and Lehr installed a water main on Lot 78 without a permit and without recording an easement (the Water Main).

9.      General advised Hickory Hills of its desire to subdivide and develop the Lots and create a street in front of the Lots and the City Attorney requested that General provide an easement for municipal utilities including storm sewer and watermain on Lot 77.

10.      General contacted the Joint Utility Locating Information for Excavators (JULIE) and requested that the underground utilities be located and marked.

11.      Hickory Hills locates and marks its own utilities.

12.      Hickory Hills marked the Water Main on Lot 77 and General, at its expense retained Schomig Land Surveyors (Schomig) to survey the Lots and prepare plats of subdivision (the Plats) and an easement on Lot 77 (The Water Main Easement).

13.      Schomig prepared the Plats dated November 16, 2019. See Plats attached hereto as Exhibits A and B.

FILED DATE: 4/26/2023 8:04 AM    2023CH04058

FILED DATE: 4/26/2023 8:04 AM 2023CH04058

14.     General submitted the Plats to Hickory Hills, showing the 15 foot Water Main Easement on Lot 77 and no easement on Lot 78, for approval.

15.     Hickory Hills and its engineers Robinson Engineering approved the Plats including the Water Main Easement on Lot 77.

16.     Pursuant to the subdivision of Lot 77, the South ½ of Lot 77 became Lot2 of Connor's First Subdivision of Lot 77, with a common address of 8566 S. 83rd Avenue, Hickory Hills (8562) and pursuant to the subdivision of Lot 78 the North ½ of Lot78 became Lot 1 in Connors Second Subdivision of Lot 78, with a common address of 8570 S. 83rd Avenue, Hickory Hills (8570).

17.     Prior to Hickory Hills approving the Plats the City Attorney contacted defendant Lehr to advise that General had agreed to his request for a 15 foot public utility easement and asking her to go "out to the field and verify" the location of the easement. Lehr then responded to the City Attorney that she "wheeled it off" and that the easement, and verified the easement was for both the water main and a storm sewer. See email exchange Exhibit C.

18.     The approved Plats were recorded in the office of the Cook County Clerk on May 13, 2022, by the Hickory Hills city attorney.

19.     On or about January 30, 2022, General entered into a certain real estate contract (the Contract) with Hanan Bekri (Hanan) and Chahine Abderrazk (Abderrazk)for the construction of a single-family residence (The Home) with detached garage (the Garage) on 8570 and sale of the same to Hanan and Abderrazk. See Contract Exhibit D.

20.     Hanan and Abderrazk made material, color and option selections to customize the Home and General prepared architectural plans (the Plans) for the construction of the Home and Garage and submitted them to Hickory Hills on February 18, 2022.

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

21.     On March 17, 2022, defendant Lehr acknowledged to the Hickory Hills Building Commissioner that she had received a site plan, surveys, grading, *utility plans,* and other plans for a four house single family development, making comments on the same and taking no issue with the location of the Water Main See email Exhibit E.

22.     Hickory Hills required General to execute an acknowledgement of its Building Code Compliance Requirements, which include compliance with the City Engineer Robinson Engineering, and a list of required inspections during the phases of construction. See Exhibit F.

23.     Hickory Hills and its engineers Robinson Engineering reviewed and approved the Plans for construction of the Home and Garage on 8570 and Hickory Hills issued permits for the construction of the Home (Home Permit, Exhibit H) and Garage (garage Permit, Exhibit I).

24.     General paid Hickory Hills fees for the Home Permit and garage Permit totalling$14,287.00 Exhibit G) and paid plan review fees to Robinson Engineering of $841.25 (Exhibit I), the entire process for approval of the Plats and issuance of permits took approximately 2 years (the Review Period).

25.     During the Review Period the Hickory Hills Building Department communicated numerous plan comments and submitted General's plans to Robinson Engineering, including the request for a permanent easement (the Water Main) for the water main and storm sewer Easement on Lot 77. See Exhibit J.

26.     General constructed the Home in accordance with the approved plans, the Home Permit and the Garage Permit.

27.     General complied with all required inspections. See Exhibit K.

28.     On or about February 8, 2023, after the Home and the Garage were substantially complete, Hickory Hills notified General that it had constructed the Water Main outside the

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

boundaries of the Water Main Easement and on 8570 rather than 8566 where it had previously marked its location.

29.     Attached hereto as Exhibit L is a copy of the survey showing the Water Main Easement and the approximate location of the Water Main, running directly under the driveway and the Garage at 8570. The straight black line down the driveway depicting the actual location of the Water Main.

30.     Exhibit M is a photograph of 8570 and 8566 with the hash marks depicting the location of the Water Main Easement on 8566 and the straight line identifying the actual location of the Water Main on 8570.

31.     The Home is substantially complete and General is ready to close on the sale to Hanan and Abderrazk.

32.     Hanan and Abderrazk obtained a loan commitment for the purchase of 8570 and are ready, willing and able to close on the purchase of 8570, but the Water Main is a cloud on title and a trespass that negatively impacts on the title as well as the quiet use and enjoyment of 8570.

33.     The sale of 8570 cannot close until the trespass of the Water Main is resolved.

34.     The presence of the Water Main diminishes the value of 8570 and makes it un-saleable.

35.     Hanan and Abderrazk were scheduled to close on their purchase, but the same has been delayed because of the Water Main issue clouding title to 8570.

36.     Hanan and Abderrazk must be out of their present residence by April 30, 2023, and if not allowed to close will have no place to live.

37.     Because of its error, Hickory Hills placed a "Stop Work" order on 8570. A copy of the "Stop Work" order is attached hereto as Exhibit N.

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

38.     Defendant Lehr as the Director of Public Works is in charge of the location and construction of water mains, including the Water Main, in Hickory Hills.

39.     General requested Hickory Hills and Lehr to disconnect the Water Main as the same is not needed to distribute water but is used to create a loop for the circulation of water within the water distribution system and they refused.

40.     General requested Hickory Hills and Lehr to relocate the Water Main to the easement where it belongs and they refused unless General pays for the same.

41.     Hickory Hills and Lehr refuse to address or rectify the problems created by the trespass of the Water Main and advised General to move the Water Main at its expense, which is estimated to cost General $100,000, which cost Hickory Hills refuses to incur or reimburse.

42.     Plaintiffs have learned that the owner of the lots south of 8570 are offering to construct 2 single family custom homes. See Exhibit O.

43.     In order to supply potable water to these new homes Hickory Hills will be required to extend the water main on 83rd Avenue to those lots.

44.     Once the 83rd Avenue water main is extended, the loop created by the Water Main will need to be relocated to the end of the 83rd Avenue water main, but Lehr and Hickory Hills refuse to do so now, leaving plaintiffs with no recourse but to seek court intervention.

45.     Hanan and Abderrazk have a mortgage loan commitment which will expire, if they do not close on the purchase.

46.     Due to the delays caused by Lehr's and Hickory Hills' refusal to address the trespass of the Water Main, Hana and Abderrazk lost their interest rate lock and the rate of interest will increase one quarter of a point per each month of delay caused by the trespass of the Water Main.

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

47.     The increase in interest rate increases the cost of the loan over its lifetime and will cost Hanan and Abderrazk tens of thousands of dollars in increased interest over the life of the loan.

48.     The maintenance of the Water Main on 8570 is without consent of the Plaintiffs and constitutes an ongoing trespass.

49.     Since General raised the issue of the improper Water Main on 8570 and requested Defendants to resolve the issue by disconnecting or relocating the Water Main, in an effort to find some excuse for not issuing an occupancy permit or not giving the Home and Garage final approval, Hickory Hills has ordered new inspections of the Home and Garage and street improvements, as retaliation for General exercising its rights of free speech and to seek redress from the government for its wrongful actions.

Further Your Affiant Sayeth Naught

Ken Devries

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Attorney No. 12705

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
4/26/2023 12:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22458220

FILED DATE: 4/26/2023 12:00 PM  2023CH04058

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** | ) |
| **an Illinois limited liability company,** | ) |
| **HANAN BEKRI and** | ) |
| **ABDERRAZK CHAHINE** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No. 23CH 04058** |
| | ) |
| | ) |
| **CITY OF HICKORY HILLS,** | ) |
| **an Illinois municipal corporation, and** | ) |
| **SUE LEHR, individually and in her capacity as** | ) |
| **Hickory Hills director of Public Works,** | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF EMERGENCY MOTION

**To: SEE SERVICE LIST**

PLEASE TAKE NOTICE that on April 28, 2023, at 9:00 a.m., the undersigned will appear before the Honorable Celia Gamrath in room 2508 of the Richard J. Daley Center, 50 W. Washington, Chicago Illinois, via Zoom video conference, ID 928 4730 2982, password 411367, and then and there present Plaintiffs' Emergency Motion For TRO, a copy of which is attached.

Respectfully Submitted,
General Development of IL, LLC
Hanan Bekri, Abderrazk Chahine

By:/s/Dennis E. Both_____
Their Attorney

Dennis Both (#12705)
Attorney for plaintiffs
18 W. 111 73rd Place
Darien, Il 60561
312-315-9800

1

FILED DATE: 4/26/2023 12:00 PM    2023CH04058

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for the plaintiffs hereby certifies that on April 26, 2023, he caused the foregoing to be electronically filed with the Clerk of the Court for Cook County, by the Odyssey eFileIL system, and served the same on defendants via email. before the hour of 5:00 p.m.

**Attorney for Defendants**               **Defendants**

Vincent Cainkar                              City of Hickory Hills
Louis F. Cainkar, LTD                     Sue Lehr
6215 West 79th Street                     C/O D'Lorah Catizone City Clerk
Suite 2A
Burbank, IL 60459
vcainkar@aol.com

/s/_____ Dennis E. Both

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Attorney No. 12705

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/26/2023 8:04 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22450993

|  |  |  |
|---|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** | ) | |
| **an Illinois limited liability company,** | ) | |
| **HANAN BEKRI and** | ) | |
| **ABDERRAZK CHAHINE** | ) | |
| **Plaintiffs,** | ) | |
|  | ) | |
| **v.** | ) | **Case No. 23CH 04058** |
|  | ) | |
|  | ) | |
| **CITY OF HICKORY HILLS,** | ) | |
| **an Illinois municipal corporation, and** | ) | |
| **SUE LEHR, individually and in her capacity as** | ) | |
| **Hickory Hills director of Public Works,** | ) | |
|  | ) | |
| **Defendants.** | ) | |

**FILED DATE: 4/26/2023 8:04 AM  2023CH04058**

### PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, General Development of Illinois, LLC, Hanan Bekri (Hanan) and Abderrazk Chahine (Abderrazk) by and through their attorney, move this Court pursuant to 735 ILCS 5/11-101 for entry of a Temporary Restraining Order ("TRO"), and state as follows:

### A.     Introduction and Factual Background

Plaintiff General Development of Illinois, LLC ("General") is engaged in the business of developing real property.  General is the owner of, and Hanan and Adderraak, are the contract purchasers of a certain parcel of real property commonly known as 8570 S. 83rd Avenue, Hickory Hills (8570). Plaintiffs have filed a Verified Complaint (the Complaint) against all of the Defendants in the above-titled action.

As detailed in the Complaint and the Affidavit attached hereto as Exhibit 1, Hickory Hills constructed a water main (the Water Main)on 8570 without permit or permission. General purchased the property that after subdivision became 8570. Prior to preparing surveys and plats

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

of subdivision, General called Hickory Hills to locate the water main and other municipal utilities. Hickory Hills responded and marked the water main on the adjoining lot (8566). In accordance with defendants' locate, surveys and a plat of subdivision were prepared and approved by defendants. The approved plats and surveys locate the Water main on 8566.

General entered into a contract with Hanan and Adderraak for the construction of a single family residence and detached garage on 8570 and Hanan and Adderraak made selections of colors, style and materials to customize the residence to their tastes and preferences. General submitted plans for the construction of the residence with garage on 8570 which plans were reviewed and approved by Hickory Hills.

The entire process of preparing plats and plans and the approval of the same by Hickory Hills and its engineers took approximately 2 years. Hickory Hills inspected and approved the construction of the residence and the garage during each phase of construction.

After the residence and garage were substantially complete, Hickory Hills announced that it had improperly located and marked the Water Main and the same was not on 8566, as it had indicated, but was in fact on 8570 and runs directly below the driveway and garage.

The presence of the Water Main is a trespass on 8570 and clouds title to 8570. Plaintiffs have complained to defendants Hickory Hills and Lehr and requested that the Water Main be relocated to the easement for municipal utilities that Hickory Hills requested and General provided on 8566 or in the alternative that the Water main be terminated, as it is not required as part of the water distribution system as it is used only as a loop to circulate but not deliver water and Hickory Hills has refused, instead demanding that General pay the cost of the relocation.

Hanan and Adderraak cannot close on the purchase of 8570 with the Water Main left in place and operational, and are in danger of losing their loan commitment. The delay has already

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

caused an increase in the interest rate  they are being offered which substantially increases their loan costs for the life of the loan.

Furthermore, it is an emergency that the issue be resolved as Hanan and Adderraak must vacate their current residence by month's end and will be without a place to live if they cannot close on the purchase of 8570 and move into the same.

In retaliation for complaining about the Water Main and demanding that Hickory Hills take action to resolve the problems it caused, Hickory Hills has placed a "Stop Work" order on 8570 and has refused to issue an occupancy permit event though the residence and garage were constructed according to the approved plans and even though the same were inspected and approved during each phase of construction as required.

Adding insult to injury the owner of the lots south of 8570 have plans to construct custom homes on their property which will necessitate extending the water main located on 83rd Avenue past 8570 to deliver water to these new homes. In turn, once these homes are built the loop in the water system which is the only purpose of the Water Main  will need to be relocated past the southern most new home, but defendants refuse to take action to rectify their wrongs now even though they will eventually be required to do so.

### Legal Standard

TROs may be entered with or without notice.  735 ILCS 5/11-101; *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27.  The First District Appellate Court has held 30 minutes notice via telephone call to be sufficient notice of a motion for TRO where a plaintiff was "faced with an imminent disruption to its business operations…." *American Warehousing Servs. v. Weitzman*, 169 Ill.App.3d 708, 714 (1st Dist. 1988).  Where a TRO is

entered with notice, it is not limited to 10 days under 735 ILCS 5/11-101. *County of Boone v. Plote Construction, Inc.*, 2017 IL App (2d) 160184, ¶ 27.

"A TRO is an emergency remedy issued to maintain the status quo until the case is disposed of on the merits." *Wilson v. Hinsdale Elementary School Dist*. 181, 349 Ill.App.3d 243, 248 (2nd Dist. 2004). "A party seeking a TRO must establish, by a preponderance of the evidence, that (1) he or she possesses a certain and clearly ascertainable right needing protection, (2) he or she has no adequate remedy at law, (3) he or she would suffer irreparable harm without the TRO, and (4) he or she has a likelihood of success on the merits." *Id*. at 248.

A temporary restraining order is an emergency remedy issued to maintain the status quo until a hearing can be held on a motion for a preliminary injunction. *Peoples Gas Light & Coke Co. v. City of Chicago,* 117 Ill.App.3d 353 (1983). The status quo is defined as the last, actual, peaceable, uncontested status that preceded the pending controversy. *Gold v. Ziff Communications Co*,196 Ill.App.3d 425 (1989). In considering whether injunctive relief is proper, the trial court should not decide contested issues of fact or the merits of the action. *See Buzz Barton &Associates, Inc. v. Giannone,* 108 Ill.*2d 373* (1985) (considering entry of preliminary injunction); *Rotary Club v. Harry F. Shea & Co*., 120 Ill.App.3d 988 2 (1983).

**B.      Argument**

   **1.      A certain and clearly ascertainable right needing protection**

General is the fee owner of 8570 and Hanan and Adderraak are equitable owners of 8570 by virtue of their purchase contract. The maintenance of the Water Main is a continuing trespass on 8570 and each of the plaintiffs has a clear right to 8570.

Conversely, the defendants have no legal right title or interest to 8570. As requested buy Hickory Hills, General provided an easement for municipal utilities on 8566, which is where Hickory Hills stated the Water Main was located and is where Hickory Hills physically marked

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

and located the Water Main. Based upon Hickory Hills marked location of the Water main, survey and plats were prepared indicating the presence of the easement on 8566.

General then constructed a residence and garage on 8570 are substantial expense and is being damaged every day the trespassing Water Main continues to exist.

Likewise Hanan and Adderraak are being damaged every day the Water Main exists as then cannot close on the purchase of 8570 and Hickory Hills refuses to issue an occupancy permit because it located the Water Main under the garage.

Hickory Hills did not obtain consent to install the Water Main nor does it have consent to maintain the Water Main, but refuses to take action to terminate or relocate it.

Plaintiffs' ownership rights are clear and require protection.

### 2. No adequate remedy at law

An adequate remedy at law is one which is clear, complete and as practical and efficient to the ends of justice and its prompt administration as the equitable remedy. *Bio-Medical Laboratories, Inc. v. Trainor*, 68 Ill.2d 540, 549 (1977). Plaintiffs have no adequate remedy at law. Plaintiffs cannot simply wait for trial in hopes that a monetary judgment may provide some adequate relief at an unknown future date, assuming they are able to enforce such a judgment. Plaintiffs face immediate and continuing injury to unique real property and Hanan and Adderraak will have no place to live if they cannot close on the purchase of 8570, and they cannot close on their purchase without resolution to the trespass.

### 3. Plaintiffs will suffer irreparable harm without the TRO

Irreparable harm is defined as harm that cannot be prevented or rectified by final judgment after trial. See *Roland Machine Co. v Dresser Indus. Inc.,* 749 F. 2d. 380, 386 (7th Cir. 1984). To be considered irreparable an injury need not be incapable of compensation, but merely denote transgressions of a continuing nature. The mere threat of dissipation can be

FILED DATE: 4/26/2023 8:04 AM    2023CH04058

considered by determining the risk of irreparable harm. *In re Marriage of Joerger*, 221 Ill.App.3d 400, 405, (1991).

The trespass of the Water Main is ongoing in nature and prevents General from selling 8570 and prevents Hanan and Adderraak from purchasing the same. The threat of the continuation of such loss to General's business interest is sufficient to show irreparable injury unless the plaintiff is protected by the court. *Eagle Books, Inc. v. Jones,* 130 Ill.App.3d 407, 411 (1985). The First District Appellate Court has held: "Once a protectible interest is established, our courts presume that irreparable injury follows if the interest is not protected." *A.B. Dick Co. v. American Pro-Tech*, 159 Ill.App.3d 786, 794 (1987). Plaintiffs will "suffer irreparable harm" without issuance of the TRO.

### C.    Likelihood of success on the merits

"The party seeking a preliminary injunction or temporary restraining order is not required to make out a case which would entitle him to relief on the merits; rather, he need only show that he raises a 'fair question' about the existence of his right and that the court should preserve the status quo until the case can be decided on the merits." *Buzz Barton & Assoc, Inc v Giannore*, 108 Ill 2d 373, 382 (1985).

### D.    Conclusion

This is an emergency requiring immediate action. There is no procedure by which this gross inequity and illegal action can be remedied other than restraint by this Court. Plaintiff General is a solvent, ongoing business enterprise, qualified to do business in Illinois, which business is being adversely affected  by the continuing trespass of the Water Main which causes it severe financial strain by effectively rendering 8570 un-saleable and without value.

Every day the closing of the purchase is delayed costs Hanan and Adderraak money and risks them losing their loan commitment and most seriously will leave them homeless as they

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

FILED DATE: 4/26/2023 8:04 AM  2023CH04058

must move from their current residence by month's end. They anticipated closing on the purchase and moving into 8570 but are precluded form doing so until the Water Main issue is corrected.

The Defendants are not prejudiced by the issuance of a restraining order or preliminary injunction or a permanent injunction against the acts of which Plaintiffs complain. Plaintiffs submit that extremely good cause has been shown by the above facts and circumstances for the Court to exercise its discretion and waive any surety bond before the issuance of a TRO. The Defendants will not be prejudiced by the waiver of a bond, and bond should be waived.

WHEREFORE, Plaintiffs General Development of Il, LLC, Hanan Bekri and Abderrazk Chahine request that the Court enter an Order:

1. Restoring the status quo by ordering defendants to disconnect the water main or relocate the same:
2. Order the issuance of an occupancy permit;
3. Prohibiting defendants, and all those acting in concert therewith its officials, and agents from interfering with Plaintiff's use and quiet and enjoyment of the Property use;
4. Award Plaintiffs costs and fees: and
5. Providing such other and further relief as the Court deems just and equitable.

Dennis Both
18 W. 111 73rd Place
Darien, IL 60561
(312) 31598200
dbothlaw@att.com

Respectfully submitted,
General Development of Illinois, LLC
Hanan Bekri and Abderrazk Chahine

*/s/ Dennis Both*

Attorney for Plaintiffs

FILED DATE: 4/26/2023 8:04 AM  2023CH04058

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| GENERAL DEVELOPMENT OF IL, LLC, an Illinois limited liability company, HANAN BEKRI and ABDERRAZK CHAHINE | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 23CH |
| CITY OF HICKORY HILLS, an Illinois municipal corporation, and SUE LEHR, individually and in her capacity as Hickory Hills Director of Public Works, | ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF KEN DEVRIES

Your affiant, Ken Devries, being first duly sworn on oath deposes and states that if called to testify as a witness in this mater he could competently testify from personal knowledge as follows:

1.    My name is Ken Devries, I am over the age of majority and under no legal disability.

2.    I am an owner and Manager of General Development of Il. LLC (General).

3.    General is a building contractor in the business of developing residential properties.

4.    On December 9, 2006, General purchased the taxes for lots 77 (Lot 77) and 78 (Lot 78)(Lot 77 and Lot 78 are collectively referred to as the Lots)in Frank Delugach's subdivision of 87th Street Woods, a subdivision generally located on the west side of 83rd Avenue in Hickory Hill, and received deeds from the Cook County Clerk for the Lots dated November 5,

**EXHIBIT**

tabbies

1

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

2007, and on November 16, 2007 deeded the Lots to Marquette Bank as trustee under the provisions of a Trust Agreement dated December 28, 2007 and known as trust number 18472 (the Trust).

5.   General is the beneficiary of the Trust.

6.   General subdivided Lot 77 into lots1 and 2 of Connor's First Subdivision on Lot 77.

7.   General subdivided Lot 78 into Lots 1 and 2 of Connor's Second Subdivision of Lot 78.

8.   Unbeknownst to General, sometime prior General's purchase of the Lots, Hickory Hills and Lehr installed a water main on Lot 78 without a permit and without recording an easement (the Water Main).

9.   General advised Hickory Hills of its desire to subdivide and develop the Lots and create a street in front of the Lots and the City Attorney requested that General provide an easement for municipal utilities including storm sewer and watermain on Lot 77.

10.   General contacted the Joint Utility Locating Information for Excavators (JULIE) and requested that the underground utilities be located and marked.

11.   Hickory Hills locates and marks its own utilities.

12.   Hickory Hills marked the Water Main on Lot 77 and General, at its expense retained Schomig Land Surveyors (Schomig) to survey the Lots and prepare plats of subdivision (the Plats) and an easement on Lot 77 (The Water Main Easement).

13.   Schomig prepared the Plats dated November 16, 2019. See Plats attached hereto as Exhibits A and B.

FILED DATE: 4/26/2023 8:04 AM  2023CH04058

14.     General submitted the Plats to Hickory Hills, showing the 15 foot Water Main Easement on Lot 77 and no easement on Lot 78, for approval.

15.     Hickory Hills and its engineers Robinson Engineering approved the Plats including the Water Main Easement on Lot 77.

16.     Pursuant to the subdivision of Lot 77, the South ½ of Lot 77 became Lot2 of Connor's First Subdivision of Lot 77, with a common address of 8566 S. 83rd Avenue, Hickory Hills (8562) and pursuant to the subdivision of Lot 78 the North ½ of Lot78 became Lot 1 in Connors Second Subdivision of Lot 78, with a common address of 8570 S. 83rd Avenue, Hickory Hills (8570).

17.     Prior to Hickory Hills approving the Plats the City Attorney contacted defendant Lehr to advise that General had agreed to his request for a 15 foot public utility easement and asking her to go "out to the field and verify" the location of the easement. Lehr then responded to the City Attorney that she "wheeled it off" and that the easement, and verified the easement was for both the water main and a storm sewer. See email exchange Exhibit C.

18.     The approved Plats were recorded in the office of the Cook County Clerk on May 13, 2022, by the Hickory Hills city attorney.

19.     On or about January 30, 2022, General entered into a certain real estate contract (the Contract) with Hanan Bekri (Hanan) and Chahine Abderrazk (Abderrazk)for the construction of a single-family residence (The Home) with detached garage (the Garage) on 8570 and sale of the same to Hanan and Abderrazk. See Contract Exhibit D.

20.     Hanan and Abderrazk made material, color and option selections to customize the Home and General prepared architectural plans (the Plans) for the construction of the Home and Garage and submitted them to Hickory Hills on February 18, 2022.

FILED DATE: 4/26/2023 8:04 AM 2023CH04058

21. On March 17, 2022, defendant Lehr acknowledged to the Hickory Hills Building Commissioner that she had received a site plan, surveys, grading, *utility plans,* and other plans for a four house single family development, making comments on the same and taking no issue with the location of the Water Main See email Exhibit E.

22. Hickory Hills required General to execute an acknowledgement of its Building Code Compliance Requirements, which include compliance with the City Engineer Robinson Engineering, and a list of required inspections during the phases of construction. See Exhibit F.

23. Hickory Hills and its engineers Robinson Engineering reviewed and approved the Plans for construction of the Home and Garage on 8570 and Hickory Hills issued permits for the construction of the Home (Home Permit, Exhibit H) and Garage (garage Permit, Exhibit I).

24. General paid Hickory Hills fees for the Home Permit and garage Permit totalling$14,287.00 Exhibit G) and paid plan review fees to Robinson Engineering of $841.25 (Exhibit I), the entire process for approval of the Plats and issuance of permits took approximately 2 years (the Review Period).

25. During the Review Period the Hickory Hills Building Department communicated numerous plan comments and submitted General's plans to Robinson Engineering, including the request for a permanent easement (the Water Main) for the water main and storm sewer Easement on Lot 77. See Exhibit J.

26. General constructed the Home in accordance with the approved plans, the Home Permit and the Garage Permit.

27. General complied with all required inspections. See Exhibit K.

28. On or about February 8, 2023, after the Home and the Garage were substantially complete, Hickory Hills notified General that it had constructed the Water Main outside the

FILED DATE: 4/26/2023 8:04 AM   2023CH04058

boundaries of the Water Main Easement and on 8570 rather than 8566 where it had previously marked its location.

29.     Attached hereto as Exhibit L is a copy of the survey showing the Water Main Easement and the approximate location of the Water Main, running directly under the driveway and the Garage at 8570. The straight black line down the driveway depicting the actual location of the Water Main.

30.     Exhibit M is a photograph of 8570 and 8566 with the hash marks depicting the location of the Water Main Easement on 8566 and the straight line identifying the actual location of the Water Main on 8570.

31.     The Home is substantially complete and General is ready to close on the sale to Hanan and Abderrazk.

32.     Hanan and Abderrazk obtained a loan commitment for the purchase of 8570 and are ready, willing and able to close on the purchase of 8570, but the Water Main is a cloud on title and a trespass that negatively impacts on the title as well as the quiet use and enjoyment of 8570.

33.     The sale of 8570 cannot close until the trespass of the Water Main is resolved.

34.     The presence of the Water Main diminishes the value of 8570 and makes it un-saleable.

35.     Hanan and Abderrazk were scheduled to close on their purchase, but the same has been delayed because of the Water Main issue clouding title to 8570.

36.     Hanan and Abderrazk must be out of their present residence by April 30, 2023, and if not allowed to close will have no place to live.

37.     Because of its error, Hickory Hills placed a "Stop Work" order on 8570. A copy of the "Stop Work" order is attached hereto as Exhibit N.

FILED DATE: 4/26/2023 8:04 AM  2023CH04058

38.     Defendant Lehr as the Director of Public Works is in charge of the location and construction of water mains, including the Water Main, in Hickory Hills.

39.     General requested Hickory Hills and Lehr to disconnect the Water Main as the same is not needed to distribute water but is used to create a loop for the circulation of water within the water distribution system and they refused.

40.     General requested Hickory Hills and Lehr to relocate the Water Main to the easement where it belongs and they refused unless General pays for the same.

41.     Hickory Hills and Lehr refuse to address or rectify the problems created by the trespass of the Water Main and advised General to move the Water Main at its expense, which is estimated to cost General $100,000, which cost Hickory Hills refuses to incur or reimburse.

42.     Plaintiffs have learned that the owner of the lots south of 8570 are offering to construct 2 single family custom homes. See Exhibit O.

43.     In order to supply potable water to these new homes Hickory Hills will be required to extend the water main on 83rd Avenue to those lots.

44.     Once the 83rd Avenue water main is extended, the loop created by the Water Main will need to be relocated to the end of the 83rd Avenue water main, but Lehr and Hickory Hills refuse to do so now, leaving plaintiffs with no recourse but to seek court intervention.

45.     Hanan and Abderrazk have a mortgage loan commitment which will expire, if they do not close on the purchase.

46.     Due to the delays caused by Lehr's and Hickory Hills' refusal to address the trespass of the Water Main, Hana and Abderrazk lost their interest rate lock and the rate of interest will increase one quarter of a point per each month of delay caused by the trespass of the Water Main.

FILED DATE: 4/26/2023 8:04 AM 2023CH04058

47.     The increase in interest rate increases the cost of the loan over its lifetime and will cost Hanan and Abderrazk tens of thousands of dollars in increased interest over the life of the loan.

48.     The maintenance of the Water Main on 8570 is without consent of the Plaintiffs and constitutes an ongoing trespass.

49.     Since General raised the issue of the improper Water Main on 8570 and requested Defendants to resolve the issue by disconnecting or relocating the Water Main, in an effort to find some excuse for not issuing an occupancy permit or not giving the Home and Garage final approval, Hickory Hills has ordered new inspections of the Home and Garage and street improvements, as retaliation for General exercising its rights of free speech and to seek redress from the government for its wrongful actions.

Further Your Affiant Sayeth Naught

Ken Devries

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Attorney No. 12705

FILED DATE: 4/26/2023 11:24 AM 2023CH04058

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/26/2023 11:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22456836

GENERAL DEVELOPMENT OF IL, LLC )
an Illinois limited liability company, )
HANAN BEKRI and )
ABDERRAZK CHAHINE )
       Plaintiffs, )
          )
  v.          )   Case No. 23CH 04058
          )
          )
CITY OF HICKORY HILLS, )
an Illinois municipal corporation, and )
SUE LEHR, individually and in her capacity as )
Hickory Hills director of Public Works, )
          )
       Defendants. )

## PLAINTIFFS'MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

  Plaintiffs, General Development of Illinois, LLC, Hanan Bekri (Hanan) and Abderrazk Chahine (Abderrazk) by and through their attorney, hereby move for the appointment of a special process server state as follows:

  Peter Raines, and Iron Horse Security Corp., 21036 Stratford Court, Mokena, Illinois 60448, license numbers 115.001800, 122.00950 is over the age of majority, not a party to this action and qualified to serve process.

  Wherefore, Plaintiffs pray this Honorable Court enter an order appointing Peter Raines, and Iron Horse Security Corp., 21036 Stratford Court, Mokena, Illinois 60448, license numbers 115.001800, 122.00950 to serve process in this matter.

Dennis Both
18 W. 111 73rd Place
Darien, IL 60561
(312) 31598200
dbothlaw@att.com

Respectfully submitted,
General Development of Illinois, LLC
Hanan Bekri and Abderrazk Chahine

/s/ Dennis Both

Page 1 of 2

Case: 1:23-cv-03352 Document #: 1 Filed: 05/01/23 Page 108 of 127 PageID #:248
Hearing Date: No hearing scheduled by the Illinois Supreme Court and is required to be captioned on all Illinois Circuit Courts.
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

FILED DATE: 4/26/2023 11:43 AM   2023CH04058

# STATE OF ILLINOIS,
## CIRCUIT COURT

Cook ▢ COUNTY

**SUMMONS**

*For Court Use Only*

FILED
4/26/2023 11:43 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22457551

**Instructions** ▼

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/Respondents.

Enter the Case Number given by the Circuit Clerk.

GENERAL DEVELOPMENT OF IL, LLC ET AL
**Plaintiff / Petitioner** *(First, middle, last name)*

v.

CITY OF HICKORY HILLS AND SUE LEHR
**Defendant / Respondent** *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

2023CH04058
**Case Number**

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

In **1b**, enter a second address for Defendant/Respondent, if you have one.

In **1c**, check how you are sending your documents to Defendant/Respondent.

1. **Defendant/Respondent's address and service information:**
   a. Defendant/Respondent's primary address/information for service:
   Name *(First, Middle, Last)*:   SUE LEHR
   Registered Agent's name, if any:
   Street Address, Unit #:   7700 W. 98TH STREET
   City, State, ZIP:   HICKORY HILLS IL 60457
   Telephone:   7085984800      Email:   HHCLERK@HICKORYHILLSIL.ORG

   b. If you have more than one address where Defendant/Respondent might be found, list that here:
   Name *(First, Middle, Last)*:
   Street Address, Unit #:
   City, State, ZIP:
   Telephone:      Email:

   c. Method of service on Defendant/Respondent:
   ☐ Sheriff         ☐ Sheriff outside Illinois: _____
                                                    *County & State*
   ☑ Special process server      ☐ Licensed private detective

SU-S 1503.2                          Page 1 of 4                          (06/21)

| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
|---|---|---|

Amount claimed:   $ _____

| In **3**, enter your complete address, telephone number, and email address, if you have one. |

**3.** **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  DENNIS BOTH

Street Address, Unit #:  18 W. 111 73RD PLACE

City, State, ZIP:  DARIEN IL 60561

Telephone:  3123159800          Email:  DBOTHLAW@ATT.NET

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

---

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. |

**4.** **Instructions for person receiving this *Summons* (Defendant):**

☐  a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: _____

City, State, ZIP: _____

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. |

☐  b.  Attend court:

On: _____  at  _____  ☐ a.m. ☐ p.m. in _____
      *Date*                          *Time*                                              *Courtroom*

In-person at:

_____
*Courthouse Address*          *City*                          *State*          *ZIP*
OR

| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. |

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                              *Call-in number for telephone remote appearance*

By video conference: _____
                                          *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                                          *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
      *Website*



| **STOP!**<br>The Circuit Clerk will fill in this section. |

**Witness this Date:** _____


4/26/2023 11:43 AM IRIS Y. MARTINEZ

**Clerk of the Court:** _____

| **STOP!**<br>The officer or process server will fill in the Date of Service. |

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____


*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

FILED DATE: 4/26/2023 11:43 AM   2023CH04058

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois circuit courts.

FILED DATE: 4/26/2023 11:43 AM   2023CH04058

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook ▼ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **GENERAL DEVELOPMENT OF IL, LLC ET AL**<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>**CITY OF HICKORY HILLS AND SUE LEHR**<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2023CH04058**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
   *First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

And left it with: _____
            *First, Middle, Last*

Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
                *First, Middle, Last*

Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**

_____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____      $ _____
Total                 $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 4/26/2023 11:43 AM   2023CH04058

Case: 1:23-cv-03352 Document #: 1 Filed: 05/01/23 Page 112 of 127 PageID #:252
Hearing Date: No hearing scheduled by the Illinois Supreme Court and is required to be captioned in all Illinois Circuit Courts.
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

**STATE OF ILLINOIS,
CIRCUIT COURT**

Cook ▢ **COUNTY**

**SUMMONS**

*For Court Use Only*

FILED
4/26/2023 11:43 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22457551

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | GENERAL DEVELOPMENT OF IL, LLC ET AL |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | CITY OF HICKORY HILLS AND SUE LEHR |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ▢ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04058

**Case Number**

FILED DATE: 4/26/2023 11:43 AM  2023CH04058

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

**1.  Defendant/Respondent's address and service information:**

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a.  Defendant/Respondent's primary address/information for service:
Name *(First, Middle, Last)*:  CITY OF HICKORY HILLS
Registered Agent's name, if any:  D'LORAH CATIZONE
Street Address, Unit #:  8652 W. 95TH STREET
City, State, ZIP:  HICKORY HILLS IL 60457
Telephone:  7085984800      Email:  HHCLERK@HICKORYHILLSIL.ORG |
|---|---|
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b.  If you have more than one address where Defendant/Respondent might be found, list that here:
Name *(First, Middle, Last)*:  _____
Street Address, Unit #:  _____
City, State, ZIP:  _____
Telephone:  _____   Email:  _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c.  Method of service on Defendant/Respondent:
▢ Sheriff      ▢ Sheriff outside Illinois:  _____
                                              *County & State*
☑ Special process server      ▢ Licensed private detective |

FILED DATE: 4/26/2023 11:43 AM   2023CH04058

| In **2**, enter the amount of money owed to you. | **2.** | **Information about the lawsuit:** |
| --- | --- | --- |

Amount claimed:   $ _____

| In **3**, enter your complete address, telephone number, and email address, if you have one. |
| --- |

**3.** **Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:   DENNIS BOTH

Street Address, Unit #:   18 W. 111 73RD PLACE

City, State, ZIP:   DARIEN IL 60561

Telephone:   3123159800          Email:   DBOTHLAW@ATT.NET

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
| --- | --- |

---

| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** | **Instructions for person receiving this *Summons* (Defendant):** |
| --- | --- | --- |

☐ a.  To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at:

Address: _____

City, State, ZIP: _____

| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. |
| --- |

☐ b.  Attend court:

On: _____ at _____ ☐ a.m. ☐ p.m. in _____
  *Date*                         *Time*                                  *Courtroom*

**In-person at:**

_____
*Courthouse Address*          *City*                          *State*          *ZIP*

OR

**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance")**:**

By telephone: _____
                        *Call-in number for telephone remote appearance*

By video conference: _____
                        *Video conference website*

_____
*Video conference log-in information (meeting ID, password, etc.)*

Call the Circuit Clerk at: _____ or visit their website
                        *Circuit Clerk's phone number*

at: _____ to find out more about how to do this.
    *Website*

| In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk. |
| --- |

---

| **STOP!** The Circuit Clerk will fill in this section. |
| --- |

**Witness this Date:** _____
                4/26/2023 11:43 AM IRIS Y. MARTINEZ

**Clerk of the Court:** _____

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
                *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*



| **STOP!** The officer or process server will fill in the Date of Service. |
| --- |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

FILED DATE: 4/26/2023 11:43 AM    2023CH04058

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Cook ▼ COUNTY

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | GENERAL DEVELOPMENT OF IL, LLC ET AL **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. CITY OF HICKORY HILLS AND SUE LEHR **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04058

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
  *First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

    ☐  Personally on the Defendant/Respondent:

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    ☐  On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address, Unit#: _____

    City, State, ZIP: _____

    And left it with: _____
           *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

    ☐  On the Corporation's agent, _____
                   *First, Middle, Last*

    Male ☐  Female ☐  Non-Binary ☐  Approx. Age: _____  Race: _____

    On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

    Address: _____

    City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

                 _____
                 *County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

Attorney No. 12705

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
4/26/2023 12:00 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22458220

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** | ) |
| **an Illinois limited liability company,** | ) |
| **HANAN BEKRI and** | ) |
| **ABDERRAZK CHAHINE** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No. 23CH 04058** |
| | ) |
| | ) |
| **CITY OF HICKORY HILLS,** | ) |
| **an Illinois municipal corporation, and** | ) |
| **SUE LEHR, individually and in her capacity as** | ) |
| **Hickory Hills director of Public Works,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**NOTICE OF EMERGENCY MOTION**</u>

**To: SEE SERVICE LIST**

PLEASE TAKE NOTICE that on April 28, 2023, at 9:00 a.m., the undersigned will appear before the Honorable Celia Gamrath in room 2508 of the Richard J. Daley Center, 50 W. Washington, Chicago Illinois, via Zoom video conference, ID 928 4730 2982, password 411367, and then and there present Plaintiffs' Emergency Motion For TRO, a copy of which is attached.

Respectfully Submitted,
General Development of IL, LLC
Hanan Bekri, Abderrazk Chahine

By:/s/Dennis E. Both_____
Their Attorney

Dennis Both (#12705)
Attorney for plaintiffs
18 W. 111 73rd Place
Darien, Il 60561
312-315-9800

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney for the plaintiffs hereby certifies that on April 26, 2023, he caused the foregoing to be electronically filed with the Clerk of the Court for Cook County, by the Odyssey eFileIL system, and served the same on defendants via email. before the hour of 5:00 p.m.

**Attorney for Defendants**                    **Defendants**

Vincent Cainkar                                    City of Hickory Hills
Louis F. Cainkar, LTD                          Sue Lehr
6215 West 79th Street                          C/O D'Lorah Catizone City Clerk
Suite 2A
Burbank, IL 60459
vcainkar@aol.com

/s/_____ Dennis E. Both

FILED DATE: 4/26/2023 12:00 PM    2023CH04058

Attorney No. 12705

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
4/26/2023 12:30 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22459055

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** ) | |
| **an Illinois limited liability company,** ) | |
| **HANAN BEKRI and** ) | |
| **ABDERRAZK CHAHINE** ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 23CH 04058** |
| ) | |
| ) | |
| **CITY OF HICKORY HILLS,** ) | |
| **an Illinois municipal corporation, and** ) | |
| **SUE LEHR, individually and in her capacity as** ) | |
| **Hickory Hills director of Public Works,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' MOTION TO DISQUALIFY**

Plaintiffs, General Development of Illinois, LLC (General), Hanan Bekri (Hanan) and

Abderrazk Chahine (Abderrazk) by and through their attorney, and moving to disqualify the law

firm of Louis F. Cainkar, LTD and attorney Vincent Cainkar from representing the defendants in

this matter, state as follows:

**INTRODUCTION**

The subject matter of this litigation involves the illegal placement of a water main on

property located in the Village of Hickory Hills. Plaintiff General is the current owner of the

property and the same is under contract for sale to co-plaintiffs Hanan and Abderrazk.

After acquiring the property, General developed the property into single family homes,

which required General to submit surveys, plats of subdivision and plans to defendant Hickory

Hills for approval.

FILED DATE: 4/26/2023 12:30 PM   2023CH04058

Louis F. Cainkar, LTD (the Firm) and Vincent Cainkar (the Attorney) are the attorneys for the City of Hickory Hills and were involved in the process of the development of the subject property, and the approval of that development on behalf of Hickory Hills. As a result, they are witnesses and are prohibited from representing the defendants and being witnesses simultaneously.

## ARGUMENT

Rule 3.7 of the Illinois Rules of Professional Conduct 2010, provides:

**(a)** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
**(b)** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Both the Firm and the Attorney have a conflict of interest in that they specifically communicated with General and requested that General grant Hickory Hills a public utility easement on 8566 83rd Avenue and gave their approval of the plats and plans dedicating that easement at the requested location, but Hickory Hills and co-defendant Lehr actually constructed the water main outside the dedicated easement, and constructed the same on 8570 83rd Avenue, thus making the property unsaleable.

Both the Firm and the attorney are material witnesses to the development approval process and are potential party defendants and cannot advocate and witness at the same time.

In addition, as the Firm and the Attorney may have their own liability for their actions their positions are adverse to those of Hickory Hills and they cannot advocate for a client with whom they have a concurrent conflict.

Wherefore, Plaintiffs pray this Honorable Court enter an order disqualifying the law firm of Louis F. Cainkar, LTD and attorney Vincent Cainkar from acting as attorneys for the defendants in this matter..

Respectfully submitted,

FILED DATE: 4/26/2023 12:30 PM   2023CH04058

Dennis Both                                         General Development of Illinois, LLC
18 W. 111 73rd Place                                Hanan Bekri and Abderrazk Chahine
Darien, IL 60561
(312) 31598200
dbothlaw@att.com                                    */s/ Dennis Both*_____

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Attorney No. 12705

FILED DATE: 4/26/2023 11:24 AM 2023CH04058

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/26/2023 11:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22456836

| | |
|---|---|
| **GENERAL DEVELOPMENT OF IL, LLC** )<br>an Illinois limited liability company, )<br>**HANAN BEKRI** and )<br>**ABDERRAZK CHAHINE** )<br>               Plaintiffs, )<br> )<br>   v. )<br> )<br> )<br>**CITY OF HICKORY HILLS,** )<br>an Illinois municipal corporation, and )<br>**SUE LEHR, individually and in her capacity as** )<br>**Hickory Hills director of Public Works,** )<br> )<br>          Defendants. ) | Case No. 23CH 04058 |

## PLAINTIFFS' MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Plaintiffs, General Development of Illinois, LLC, Hanan Bekri (Hanan) and Abderrazk Chahine (Abderrazk) by and through their attorney, hereby move for the appointment of a special process server state as follows:

Peter Raines, and Iron Horse Security Corp., 21036 Stratford Court, Mokena, Illinois 60448, license numbers 115.001800, 122.00950 is over the age of majority, not a party to this action and qualified to serve process.

Wherefore, Plaintiffs pray this Honorable Court enter an order appointing Peter Raines, and Iron Horse Security Corp., 21036 Stratford Court, Mokena, Illinois 60448, license numbers 115.001800, 122.00950 to serve process in this matter.

Dennis Both
18 W. 111 73rd Place
Darien, IL 60561
(312) 31598200
dbothlaw@att.com

Respectfully submitted,
General Development of Illinois, LLC
Hanan Bekri and Abderrazk Chahine

*/s/ Dennis Both*

Page **1** of 2

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

**STATE OF ILLINOIS**
**CIRCUIT COURT**

Location: <<CourtRoomNumber>>
Judge: Calendar, 6

Cook ▼ **COUNTY**

**SUMMONS**

FILED
4/27/2023 12:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22478652

FILED
4/26/2023 11:43 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22457551

FILED DATE: 4/27/2023 12:55 PM   2023CH04058

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | **GENERAL DEVELOPMENT OF IL, LLC ET AL**<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/Respondents. | **CITY OF HICKORY HILLS AND SUE LEHR**<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

2023CH04058
**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| | | |
|---|---|---|
| In 1a, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** | **Defendant/Respondent's address and service information:** |
| | a. | Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: CITY OF HICKORY HILLS<br>Registered Agent's name, if any: D'LORAH CATIZONE<br>Street Address, Unit #: 8652 W. 95TH STREET<br>City, State, ZIP: HICKORY HILLS IL 60457<br>Telephone: 7085984800     Email: HHCLERK@HICKORYHILLSIL.ORG |
| In 1b, enter a second address for Defendant/Respondent, if you have one. | b. | If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*:<br>Street Address, Unit #:<br>City, State, ZIP:<br>Telephone:     Email: |
| In 1c, check how you are sending your documents to Defendant/Respondent. | c. | Method of service on Defendant/Respondent:<br>☐ Sheriff          ☐ Sheriff outside Illinois: _____<br>                                                          *County & State*<br>☑ Special process server     ☐ Licensed private detective |

SU-S 1503.2

Page 1 of 4

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

Case: 1:23-cv-03352 Document #: 6-1 Filed: 05/31/23 Page 123 of 127 PageID #:263

FILED DATE: 4/27/2023 12:55 PM   2023CH04058

| STATE OF ILLINOIS, CIRCUIT COURT | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | For Court Use Only |
|---|---|---|

Cook ☑ COUNTY

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | GENERAL DEVELOPMENT OF IL, LLC ET AL | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>CITY OF HICKORY HILLS AND SUE LEHR | |
| | **Defendant / Respondent** *(First, middle, last name)* | 2023CH04058 |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** FRANK J. HANNIGAN **and I state**
   *First, Middle, Last*

☑ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**
   CITY OF HICKORY Hills **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____
   And left it with: _____
                *First, Middle, Last*
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the
   above address on _____ , 20 ____ .

☑ On the Corporation's agent, D'LORAH CATIZONE
                        *First, Middle, Last*
   Male ☑ Female ☐ Non-Binary ☐ Approx. Age: 60's Race: White
   On this date: 4.27.2023 at this time: 10:15 ☑ a.m. ☐ p.m.
   Address: 8652 W. 95th STREET
   City, State, ZIP: HICKORY Hills, IL 60457

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 6

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

STATE OF ILLINOIS,
CIRCUIT COURT

**SUMMONS**

Cook ▾ COUNTY

FILED
4/27/2023 12:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22478652

FILED
4/26/2023 11:43 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH04058
Calendar, 6
22457551

| | |
|---|---|
| **Instructions** ▾ | |
| Enter above the county name where the case was filed. | GENERAL DEVELOPMENT OF IL, LLC ET AL<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br>CITY OF HICKORY HILLS AND SUE LEHR<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | 2023CH04058<br>**Case Number** |

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

| | |
|---|---|
| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

1. **Defendant/Respondent's address and service information:**

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*: SUE LEHR<br>Registered Agent's name, if any: _____<br>Street Address, Unit #: 7700 W. 98TH STREET<br>City, State, ZIP: HICKORY HILLS IL 60457<br>Telephone: 7085984800    Email: HHCLERK@HICKORYHILLSIL.ORG |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____    Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☐ Sheriff    ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☑ Special process server    ☐ Licensed private detective |

SU-S 1503.2                                     Page 1 of 4                                     (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Courts. *For Court Use Only*

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION |
|---|---|
| Cook ☑ COUNTY | |

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | GENERAL DEVELOPMENT OF IL, LLC ET AL <br> **Plaintiff / Petitioner** (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. <br> CITY OF HICKORY HILLS AND SUE LEHR <br> **Defendant / Respondent** (First, middle, last name) | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | 2023CH04058 <br> **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is ___FRANK J. HANNIGAN___ and I state
*First, Middle, Last*

☑ I served the *Summons* and Complaint/Petition on the Defendant/Respondent
___Sue Lehr___ as follows:
*First, Middle, Last*

☑ Personally on the Defendant/Respondent:
Male ☑ Female ☐ Non-Binary ☐ Approx. Age: __40's__ Race: __White__
On this date: __4-27-2023__ at this time: __10:35__ ☑ a.m. ☐ p.m.
Address, Unit#: __7700 W. 98th STREET__
City, State, ZIP: __Hickory Hills, Il 60457__

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

FILED DATE: 4/27/2023 12:55 PM 2023CH04058

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION
GENERAL CHANCERY SECTION

| | |
|---|---|
| GENERAL DEVELOPMENT, ET AL., <br> Plaintiffs, <br><br> v. <br><br> CITY OF HICKORY HILLS, <br> Defendant. | Case No. 2023CH04058 <br><br> Calendar 6 |

## ORDER

This matter coming to be heard on Plaintiffs' Emergency Motion for Temporary Restraining Order ("TRO"), due notice having been given, counsel present and a court reporter present to transcribe the proceedings, for the reasons stated in open court and those that follow, Plaintiffs' Emergency Motion is denied.

5575 II

1. This matter came on allegations this matter was an emergency because the sale of the residence at issue ("8570") is scheduled to close and the buyers of the property must be out of their present residence by April 30, 2023. Plaintiffs allege that they cannot close because of the cloud on title and the "Stop Work" order preventing their occupancy of the new residence.

2. As stated in open court, the court does not deem this matter a true emergency. While Plaintiffs may believe time is of the essence, Plaintiffs have known about this alleged encroachment since February, roughly two to three months ago. What is more, the real estate contract does not show a firm closing date of this week. The date is "to be determined." Even if this court were inclined to grant Plaintiffs the relief they seek in the Emergency Motion on a summary, non-evidentiary basis, it would take time to perform the steps Plaintiffs have requested, including relocating a water main buried beneath the driveway and garage of the newly constructed home and issuing an occupancy permit even though Plaintiffs acknowledge there is more work to be done on the residence.

3. A TRO is a drastic, emergency remedy which may issue only in exceptional circumstances and for a brief duration. *Abdulhafedh v. Secretary of State*, 161 Ill. App. 3d 413, 416 (2d Dist. 1987). The purpose of a TRO is to allow the circuit court to preserve the status quo—to prevent a threatened wrong or a continuing injury—pending a hearing to determine whether it should grant a preliminary injunction. *Id.* "The status quo to be preserved is the last actual, peaceable, uncontested status which preceded the pending controversy." *Martin v. Eggert*, 174 Ill. App. 3d 71, 77 (2d Dist. 1988).

4. In addition, it is well settled that the function of a TRO is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits. Yet, Plaintiffs are seeking the ultimate relief pleaded in their Complaint by way of this Emergency Motion despite intricate factual issues, which should be decided at an evidentiary hearing or at trial.

5. To obtain a TRO, Plaintiffs must establish: (1) a clearly protected right; (2) irreparable harm by the defendant's conduct if an injunction does not issue; (3) there is no adequate remedy at law; and (4) likelihood of success on the merits. *Chi. Sch. Reform Bd. of Trs. v. Martin*, 309 Ill. App. 3d 924, 939 (1st Dist. 1999).

6. Even if Plaintiffs have adequately alleged a clearly protected right, they have not shown irreparable harm or an inadequate remedy at law to warrant the issuance of a TRO.

7. The elements of irreparable injury and inadequate remedy at law required for a TRO are closely related. *Happy R. Sec., LLC v. Agri-Sources, LLC*, 2013 IL App (3d) 120509, ¶ 36. An irreparable injury is one which cannot be adequately compensated in damages or be measured by any certain pecuniary standard. *Diamond Sav. & Loan Co. v. Royal Glen Condo. Ass'n*, 173 Ill. App. 3d 431, 435 (2d Dist. 1988). With respect to the element of an inadequate remedy at law, it is widely held that money damages constitute adequate compensation absent a showing that it would be impossible, rather than merely complicated, to ascertain the amount of damages. *Wilson v. Wilson*, 217 Ill. App. 3d 844, 856-59 (1st Dist. 1991).

8. If, after a hearing, Plaintiffs show Defendant improperly constructed the water main on 8570 without permission and are said to have trespassed or interfered with the sale of 8570, money damages will make them whole for the costs of the trespass and damages flowing therefrom. This includes, potentially, the costs and damages associated with a delayed closing date, alternative housing, increased construction costs, higher loan financing rates, and the like. Because Plaintiffs have an adequate remedy at law in the form of money damages and have not shown irreparable harm, injunctive relief on a summary, non-evidentiary, emergency basis is unnecessary and unwarranted.

9. Finally, as stated in open court, Plaintiffs' request for a TRO is really a mandatory injunction in disguise. A TRO is designed to immediately prohibit a threatened action. However, Plaintiffs' Emergency Motion seeks to disrupt (not maintain) the status quo and require Defendant to act positively to immediately shut off a water main and relocate it, lift a "Stop Work" order, and issue an occupancy permit. The standards for pleading this type of mandatory injunctive relief are much more rigorous. Plaintiffs have not met their burden.

IT IS ORDERED:
1. Plaintiffs' Emergency Motion for Temporary Restraining Order is denied.
2. Defendant shall file a responsive pleading to the Complaint within the time prescribed by law.
3. Should they wish, the parties may issue written discovery even before Defendant files an Answer.
4. Status on the pleadings and written discovery is set for June 8, 2023 at 9:00 AM via ZOOM.

ENTERED:

*Celia G. Gamrath*

Judge Celia Gamrath #2031

Judge Celia G. Gamrath

APR 28 2023

Circuit Court-2031

DATED: April 28, 2023

Calendar 6 Contact Information
Chambers Phone: 312-603-4890
Email: ccc.chancerycalendar6@cookcountyil.gov
Zoom ID: 928 4759 2982
Password - 411367